## SUPREME COURT.

### BARBER and others agt. CASE.

Where a question of fact—(amount due from attorney to client, of moneys collected)—has been, by an order of the court, sent to a referee to pass upon, and on a motion for an amendment of the order, it appears that there are contradictory statements and suspicious circumstances attending the case, the court will direct that the parties and their witnesses be examined openly on oath before the *court*.

*New-York Special Term*, 1855.

ROOSEVELT, Justice. This, originally, was an application by the plaintiffs against their attorney, for an attachment to compel him to pay over moneys collected by him on the judgment in this cause.

Although the judgment was entered for $228.77, including $8.75 for costs, "it became" (such is the attorney's statement) "settled by compromise," for the , sum of $200—of which amount, he says, one Gibson, the plaintiffs' agent, "on the same day," (giving no date,) received $130, leaving a balance of $70, which he, the attorney, claims to retain for "other professional business," including "lengthy papers," and sundry "supplementary proceedings, in which many days *was* lost."

The judgment, it appears, was obtained on the 1st of June, and the satisfaction piece (signed by the attorney) on the 2d of

Barber and others agt. Case.

July, 1852.    And yet the attorney, as the plaintiffs allege, and he does not deny, long afterwards, informed them that an execution had been issued and returned unsatisfied, and that there was but "little hope of recovering anything, and that he had re-, ceived nothing." He pretends, I am aware, that Barber, one of the plaintiffs, "shortly after the claim was settled," giving no date, "called at his office and was informed of the arrangement, and made no objection." But how can such an averment be reconciled with the admissions referred to, or with the letter sent by him more than two years subsequently, in which he said he had "delayed writing until he had *secured* their claim," and in which he informed them that it was "to be paid 'on the 20th day of September next"—that is, September, 1854?

Under these circumstances, instead of passing on the case definitively, the court sent it to a referee, to ascertain the amount due; and made a further order, that on filing his report, unless payment was made, an attachment issue against the attorney as for a contempt. He now applies to have the order "amended or settled, so as to comply with the facts or merits herein."

No alteration, it appears to me, is necessary, unless it be (as was done in the case of *Meyer* agt. *Lent,* 16 *Barb.* 538,) to direct the attendance of the attorney and his clients to be examined openly, on oath, before the court itself, with such witnesses, especially Gibson, as they may see fit to produce, to throw light on the seeming contradictions in which the written affidavits appear to be involved.

Let an order to that effect be entered, with $10 costs of opposing the motion, to abide the event.