IN THE MATTER OF THE APPLICATION OF ROBERT SCHELL, ETC., FOR AN ORDER, ETC.

*Two inconsistent orders made on the same motion — assignment by a client of his claim against his attorney — enforcement thereof by the assignee.*

Where two separate, distinct and inconsistent orders are entered upon a single application to the court, with nothing upon the face of the papers to show that one order is to replace, or to be a resettlement of the other, a reversal will be ordered on appeal.

Where a client, having a claim against his attorney, arising out of transactions connected with that relation, assigns his claim, the assignee cannot take proceedings to compel the attorney to pay the money or in case he fails to do so to have him punished as for a contempt of court.

APPEAL by Peter A. Hargous from an order made at Special Term, and entered in the office of the clerk of the county of New York on the 26th day of March, 1889, directing that Peter A. Hargous pay over to Robert Schell the sum of $3,251.31, received by him in an action in which Edward Schell was plaintiff and the Mayor, Aldermen and Commonalty of the City of New York were defendants, and, in case of his failure so to do, directing that a precept of commitment issue against him.

The application was made by Robert Schell, as assignee of Edward Schell, in order to enforce a claim made by Edward Schell, because of moneys collected by Peter A. Hargous in a certain action in which Edward Schell was plaintiff and the Mayor, Aldermen and Commonalty of the City of New York were defendants.

The papers on appeal contained two orders, one under date of March 23, 1889, by which the matter was referred to Peter B. Olney, Esq., to take proof of the contracts and agreements made between Edward Schell and Peter A. Hargous for compensation for legal services in vacating or reducing a certain assessment for the Sixty-sixth street outlet sewer imposed on certain lots of said Edward Schell, etc., and the other under date of March 26, 1889, which directed that the said Peter A. Hargous pay to Robert Schell $3,251.31, or that, in default of such payment, a precept of commitment issue.

*M. B. Smith*, for Peter A. Hargous, appellant.

*John Delehunty*, for Robert Schell, respondent.

VAN BRUNT, P. J. :

The papers in this case present the rather curious anomaly of two separate, distinct and inconsistent orders being entered upon a single application, with nothing upon the face of the papers to show that one order is intended to replace or be a resettlement of the other.

This practice is one that is not to be encouraged, and if no other reason existed, we think it would form a sufficient ground for a reversal of the order appealed from. But there are other points which seem to be fatal to the application, and these may as well be disposed of upon this appeal as at any other time.

It appears from the papers in the case that the appellant had been retained by one Edward Schell to vacate an assessment and subsequently to recover certain moneys paid to the mayor, etc., because of said assessment. It was claimed, upon the part of the appellant, that he had two distinct retainers, and that he was entitled under such retainers to retain the sum of fifty per cent of the recovery. The respondent, however, claims that he was only enti-

tled to retain twenty-five per cent, and that the respondent was entitled to the payment of the balance. Edward Schell assigned his claim against the appellant to one Robert Schell, who brought this proceeding against the appellant for the payment of the money or his punishment for a contempt.

We do not think that an assignee of a claim against an attorney can avail himself of this summary remedy. It is a procedure strictly between attorney and client, as is recognized in the *Matter of Knapp* (85 N. Y., 284), and by the assignment of his claim against the attorney the client cannot assign his relationship. It is a grievance personal to himself. It is because of the relations existing between attorneys and clients, that the client is allowed to pursue this extraordinary remedy; and it is because it is the duty of the court to see that the attorney acts with fidelity, as well to the court as to the client, that it assumes this jurisdiction. There does not seem to be any principle upon which a stranger, simply because he has become the owner of a demand which had once been owned by a client, can seek this protection of the court. The court does not owe any duty to him. He has not confided in the attorney because of this summary jurisdiction which he might invoke for his protection, and he stands, therefore, in an entirely different relation to the attorney than that which the client occupies.

As already intimated, it is the duty of the court to see that an attorney acts with fidelity towards his client. No such obligation is placed upon the court as to strangers, and we have not been able to find any occasion on which such authority has ever been assumed or even hinted at. There certainly is no fiduciary relation existing between the assignee of a client and the attorney. Whatever obligations may exist between them are simply contractual, and the assignee in taking an assignment from a client of a claim against an attorney has no reason to suppose that he can claim against such attorney the penalties which a client may invoke. As already stated, the right depends upon the relationship; upon the credit given by the client to and the confidence reposed in the attorney because of his being an officer of the court. To hold that an assignee, who is a stranger so far as being the client of the attorney is concerned, should be able to invoke these extraordinary remedies would be to establish a principle which would entitle any creditor

of an attorney to resort to the same procedure. And, further, in this case there was a dispute as to what the contract was between the attorney and client, and it seems to us that unless it appears that this dispute was clearly frivolous, resort to these proceedings should not be encouraged.

The order should be reversed, with ten dollars costs and disbursements and the application denied.

Bartlett and Barrett, JJ., concurred.

Order reversed, with ten dollars costs and disbursements and application denied.