(12 Misc. Rep. 40.)

### GILLESPIE v. MULHOLLAND.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

1. ATTORNEY AND CLIENT—SUMMARY APPLICATION AGAINST ATTORNEY.
   On a summary application to compel an attorney to pay over money collected by him, the objection that the relation of attorney and client did not exist between him and petitioner cannot be sustained where the original owner of the claim, who employed the attorney, agreed to transfer it to petitioner pending the action for its collection, but was advised by the attorney not to do so at that time, and the assignment was therefore not executed until judgment was recovered.

2. SAME—ASSERTION OF LIEN BY ATTORNEY.
   The assertion of a lien by the attorney is not in answer to a summary application against him, but it is discretionary with the court to proceed in the matter.

3. SAME—REFERENCE.
   The city court of New York may direct a reference to hear and report on the questions arising on summary application to compel an attorney to pay over money collected. 28 N. Y. Supp. 754, affirmed.

Appeal from city court, general term.

Application by Michael H. Gillespie to compel John Mulholland to pay over money collected by him. From an order of the city court (28 N. Y. Supp. 754) affirming an order directing a reference, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

James Kearney, for appellant.
Jeroloman & Arrowsmith, for respondent.

DALY, C. J. This is an appeal from an order of the general term of the city court, affirming an order of the special term directing a reference upon an application to require an attorney to pay over moneys collected by him. The moneys were collected in an action brought by one Peck against Deering and others, and are claimed by the petitioner, Gillespie, by virtue of an assignment from Peck of his claim and judgment in the action. The attorney, Mulholland, who collected the judgment from the defendant, and

retained the whole amount, resisted the application to compel him to pay, on the ground that the relation of attorney and client never existed between him and the assignee; that he was entitled to retain the whole sum, $1,442.16, to satisfy his claims for services and disbursements in this action and other litigations affecting it, and in prior litigations on behalf of one Campbell, the original owner of the claim in suit, for money advanced to Campbell, and a note indorsed for his accommodation. The dispute as to the facts and as to the amount of the lien of the attorney upon the recovery required, in the judgment of the court, a reference; and the power of the court to order such reference is the question presented by this appeal, the objections urged being that the summary application against an attorney is not available to the assignee of the claim sued on; that it cannot be maintained where the amount of the attorney's lien is in dispute; that it cannot be entertained by the city court against attorneys in actions before it; and that the power of the city court to refer questions of fact upon motions is restricted to actions, and does not include special proceedings of this character.

It has been held that the summary remedy by attachment against an attorney for misconduct is available only to the client, and cannot be assigned with the demand. Bowen v. Smidt (Sup.) 20 N. Y. Supp. 735; In re Schell, 58 Hun, 440, 12 N. Y. Supp. 790. But an expression of opinion by the court of appeals in reviewing the order in the case last cited settles the question:

"If we were permitted to look into the opinion of the general term for the ground of reversal and denial of relief, it would appear that the court was of opinion that the assignee of a client was not entitled to this remedy. While it would, we think, be difficult to show that the supreme court has not the power to entertain the proceedings, even upon the application of an assignee, it certainly could, in the exercise of its discretion, decline to use it; and that may have been the ground of the decision appealed from." Schell v. City of New York, 128 N. Y. 67, 27 N. E. 957.

In the case quoted, the assignment was of the claim of the client against the attorney for the money collected by the latter, and the relation of attorney and client never existed between the attorney and the assignee. In the present case, the transfer of the claim in suit was proposd and accepted during the pendency of the action, with the knowledge of the attorney, who advised against a formal assignment being made at that time, but, having notice of the intention and rights of the parties, must be held to have prosecuted the action for the benefit and on behalf of the real party in interest, the proposed assignee; and so the relation of attorney and client was thus, in a measure, created between them. The assignment of the judgment subsequently made was merely to carry into effect the prior arrangement, of which the attorney had notice.

The assertion of a lien by the attorney is not an answer to summary proceedings, but it is discretionary with the court to proceed in the matter.

"Upon motion, the court summarily disposes of the matter upon principles of equity well understood. The lien of the attorney continues throughout, and includes all the remedies open to the party." Bank v. Todd, 52 N. Y. 489.

The court there distinguished the Case of Paschal, 10 Wall. 491, because there neither party asked the court to settle the amount of the lien. Were the application denied, the client would be left to his action against the attorney; and with regard to that remedy the court says:

"The law is not guilty of the absurdity of holding that after a client has spent years in collecting, through his attorney, a lawful demand, he shall be put to spending as many more to collect it from his attorney, and, if the attorney should not pay, then try the same track again." Bank v. Todd, above.

In this case the order of reference required that proof be taken of any liens, claims, or offsets of the attorney; and if any party ought to complain of the order it is the respondent, for the scope of the order seems to include indebtedness for which the lien of the attorney could not be enforced. Code, § 66. The court has power to determine the amount of the attorney's lien by reference. Barber v. Case, 12 How. Prac. 351. The order which was reversed in McKibbel v. Nafis (Sup.) 27 N. Y. Supp. 723, directed the attorney to pay over the whole sum in his hands, disregarding his lien; and that decision is not an authority against the order made in this case, which recognizes and protects the lien. The city court has the same power over attorneys possessed by other courts of record. It is made a court of record by statute (Code, § 2; Laws 1883, c. 26), and, though there are statutory limitations of its jurisdiction of actions, they do not affect its power to enforce all remedies of parties to actions of which it has jurisdiction. As a court of record it has power to punish an attorney for misconduct by which the right of a party to an action or proceeding pending in the court is prejudiced, and to attach in any other case where courts of record have adopted that remedy in order to protect parties. Code, § 14, and subdivision 8 thereof. The city court also possesses the same power as the supreme court to refer questions of fact. The appellant assumes that its power is derived solely from section 3172 of the Code, permitting a reference of special questions of fact on motions in ordinary actions; but it may refer under sections 827 and 1015 of the Code, which by section 3347, subd. 6, are made applicable to actions and special proceedings in the marine (now city) court. Under section 827 the court, when authorized to make an examination or inquiry, may direct a reference to do so, and by section 1015 may direct a reference whenever it is necessary for the information of the court. Whether, therefore, the proceeding against an attorney for misconduct in not paying money collected is to be regarded as a motion in the action, or as a special proceeding (in Schell v. City of New York, it was entitled both ways), the city court had power to refer the questions of fact before it on the application. In this it followed precedent, the supreme court having, as before mentioned, referred the question of the amount to be allowed the attorney for services in a proceeding to attach him for not paying moneys collected. Barber v. Case, above. The order appealed from should be affirmed, with costs and disbursements. All concur.