(33 App. Div. 191.)

### HILLEBRANDT v. AVERY.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

ATTORNEY—FAILURE TO PAY OVER MONEY—SUMMARY PROCEEDINGS.
  Summary proceedings against an attorney to compel him to pay over moneys collected by him are not sustained except upon clear proof that the relation of attorney at law and client existed between the parties, and that the attorney at law received the money or the property of his client while acting in this professional capacity, and has failed to account for it to the client.

Appeal from special term, New York county.
In the matter of Claire Hillebrandt. From an order directing Robert Avery to pay to the attorney for the claimant certain moneys which it is claimed he collected for her, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

William Sutphen, for appellant.
Thomas Colston Kinney, for respondent.

INGRAHAM, J. Application was made in the name of one Claire Hillebrandt for an order directing Robert Avery (the appellant), an attorney of this court, to pay over certain moneys collected by him as an attorney at law. The application is based upon an affidavit made by the attorney for the respondent, and is based entirely upon information contained in letters from the United States consul at Beirut, Syria, a letter from the respondent, and interviews with the appellant. In reply to that, the appellant interposed an affidavit which denies that the money was received by him as an attorney at law, or that any professional relations existed between himself and the respondent. It seems that the husband of the respondent died, and that at the time of his death he was a member of certain bene-

ficial associations in the United States, from whom his widow was entitled to receive a sum of money upon his death; that, after the death of the respondent's husband, the respondent forwarded to the appellant a power of attorney, by which the appellant was constituted the respondent's "true and lawful attorney for me and in my name, place, and stead to collect and receipt for the amounts due me from the 'American Legion of Honor' and the 'Knights of Honor,' beneficial associations in the United States, of which my late husband, Major Hugo Hillebrandt, was a member"; and that, in pursuance of this power of attorney, the appellant, without legal proceedings, obtained from these associations the sum of $5,000. The appellant further swears that, although he had been admitted to practice as an attorney and counselor at law in the courts of this state, during the last 10 years or more he has not been engaged in active practice, and has not taken any cases for hire. A letter was also submitted written by the appellant to the respondent, apprising her of the death of her husband, and making suggestions as to his claims against these beneficial associations, and in which the appellant offers to fill out the necessary proofs of death, so that, when the certificates were received, a Mr. Collette, in Washington, might attend to the collection of the money for the petitioner, as the petitioner's husband had arranged with Mr. Collette to do and transfer the same to the petitioner. There is not in this power of attorney, nor in the letter to the petitioner, any statement that the appellant was acting as an attorney at law, or in any other capacity than as an agent or attorney in fact in the collection of this money. The facts stated in this affidavit were not questioned, nor is there the slightest evidence to show that the appellant was actually retained as an attorney at law to prosecute any claims for the petitioner, or ever acted for her in any professional capacity. He collected this sum of money for her, under a power of attorney authorizing him to receive it from the persons from whom it was due; but there is nothing that appears in the relations of these parties to each other to show that this appellant ever occupied any professional relation to the petitioner, or that the money which he collected was collected as her attorney at law, rather than as her attorney in fact. For these reasons, I think the petitioner has mistaken her remedy. Summary proceedings of this character are not sustained except upon clear proof that the relation of attorney at law and client existed, and that an attorney at law had received the money or the property of a client while acting in this professional capacity, and had failed to account for it to the client. In this case, upon the facts stated, the petitioner's proper remedy was an action at law, and not an application of this character. I think, therefore, that the order appealed from should be reversed, and the proceedings dismissed; but as the appellant seems to have conceded that he has misappropriated this property of the petitioner, received by him as her agent, and certainly suggests no excuse for his failure to account for it to her, the reversal is without costs. All concur.