TAYLOR v. LONG ISLAND R. CO. et al.

(Supreme Court, Appellate Division, Second Department. March 7, 1899.)

ATTORNEY AND CLIENT—SUMMARY PROCEEDINGS.

T., plaintiff in action against L., had agreed to pay E., her attorney, for his services, 30 per cent. of any recovery. E. had entered into an agreement with three other attorneys, including B., that they should divide the fees of matters which they should litigate, E. to appear as attorney of record. On collecting the judgment, E. retained the costs, and divided them between the four attorneys. On motion of plaintiff to compel E. to pay over the costs, he was directed to turn over a certain sum. *Held,* that B., who had a judgment against E., and refused to contribute his share to E., though offering to credit it on the judgment, could not, by motion of E. in the action of T., be compelled to turn over such share, the relation between B. and E. being merely that of debtor and creditor, in no wise connected with the affairs of a client.

Appeal from special term, Kings county.

Action by Eliza Taylor, administratrix of Isaac Sherwood Taylor, against the Long Island Railroad Company and another. From an order granting a motion therein made by Ezra A. Tuttle to compel James C. Bushby to pay over a certain sum of money (53 N. Y. Supp. 830), he appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

L. M. Berkeley (James C. Bushby, on the brief), for appellant.
Ezra A. Tuttle, in pro. per.

PER CURIAM. The rule is so well established in this state that "summary proceedings of this character are not sustained except upon clear proof that the relation of attorney at law and client existed, and

that an attorney at law had received the money or the property of a client while acting in this professional capacity, and had failed to account for it to the client" (In re Hillebrandt, 33 App. Div. 191, 53 N. Y. Supp. 352. See, also, In re Haskin, 18 Hun, 42; In re Sardy [Sup.] 19 N. Y. Supp. 575), that it does not seem to be necessary to enter into any extended discussion of this matter. The admitted facts are that the plaintiff in this action recovered a judgment against the defendants, with certain costs. She had entered into a contract with her attorney, Ezra A. Tuttle, by which she agreed to pay "said attorney for his services 30 per cent. of the amount recovered." Tuttle had previously entered into a quasi partnership or understanding with James C. Bushby, the appellant, Arthur T. Stoutenburgh, and Levi W. Naylor, under which arrangement the four were to divide the fees of the matters which they should litigate, and Tuttle was to appear as the attorney of record. On collecting the judgment for the plaintiff, Tuttle retained the costs, believing that they belonged to him, and these were divided equally between the four persons named. Subsequently the plaintiff, through her attorney, made a motion at the special term to compel Tuttle to pay over these costs to her, and, upon the motion being argued, an order was made directing Tuttle to turn over the sum of $333.90. This order was complied with, Stoutenburgh and Naylor contributing their share of the fund to Tuttle. In the meantime Bushby had become a judgment creditor of Tuttle in the sum of $330, and he offered to credit Tuttle with $83.48, his portion of the fund which Tuttle was ordered to pay over; but Tuttle was not satisfied with this arrangement, and made a motion at the special term to compel Bushby to pay over the $83.48 in cash. Objection was made to the jurisdiction of the court to make such an order, but the court ignored the objection, and Bushby was directed to pay over the sum in cash. It seems clear to us that the court below has erred in granting this order; that the facts stated show merely the relation of debtor and creditor between Bushby and Tuttle, in no wise connected with the affairs of a client. As was said in Re Haskin, supra: "It is not every debt due from a lawyer that can be collected by order of the court. Attorneys have the same right to have their liabilities established in the ordinary channels of the law as other persons, except where the claim is for money received for their clients. In such cases the courts deal with them as their own officers, and compel a proper discharge of the duties they owe to their clients." See Bowen v. Smidt (Sup.) 20 N. Y. Supp. 735. "It is because of the relations existing between attorneys and clients," say the court in Re Schell, 58 Hun, 440, 12 N. Y. Supp. 790, "that the client is allowed to pursue this extraordinary remedy; and it is because it is the duty of the court to see that the attorney acts with fidelity, as well to the court as to the client, that it assumes this jurisdiction." See, also, Stout v. Smith, 98 N. Y. 25.

The order appealed from should be reversed, with costs, and the motion should be denied, with costs.