43 App. Div. 113.)

## HEXTER v. PENNSYLVANIA R. CO.

### In re RANDALL.

(Supreme Court, Appellate Division, First Department.　July 18, 1899.)

1. SUPPLEMENTARY PROCEEDINGS—PAYMENT INTO COURT BY JUDGMENT DEBTOR AFTER ASSIGNMENT—THIRD-PARTY ORDER.

   Where third-party orders are served on a judgment debtor after assignment of the judgment, the court has no authority to order him to pay the amount of the judgment into court, as its jurisdiction under the third-party orders is taken away by the previous assignment.

2. SAME—RIGHTS OF ATTORNEY AND THIRD PERSON—REFERENCE.

   Where a judgment is claimed, under assignments by the judgment creditor, both by his attorney and by a third party, the court has no power to refer the matter summarily to a referee to determine the respective rights of the claimants, as the parties do not stand in the relation of attorney and client.

Appeal from special term, New York county.

Action by Solomon Hexter against the Pennsylvania Railroad Company. A judgment was obtained by plaintiff. Afterwards plaintiff assigned the judgment to Samuel H. Randall, and later to George H. Wolf and Walter I. Wolf. Still later, creditors of plaintiff served third-party orders on plaintiff and defendant. Upon motion of defendant, the court ordered the amount of the judgment to be paid into court, and directed that a referee determine the rights of the assignees, Samuel H. Randall, George H. Wolf, and Walter I. Wolf. From this order Samuel H. Randall appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Samuel H. Randall, in pro. per.

A. L. Everett, for respondent Pennsylvania R. Co.

Austin E. Pressinger, for other respondents.

RUMSEY, J. On the 3d of March, 1899, a judgment was recovered by the plaintiff against the defendant, and, an appeal to the court of appeals having been dismissed (53 N. E. 1126), final judgment was entered on the 18th of May, 1899. On the 3d of March the plaintiff's attorney, who is the appellant here, gave to the defendant notice that he held the judgment as collateral security to secure his attorney's lien and claim for compensation and otherwise, by agreement with the plaintiff; the attorney claiming that on that day the plaintiff had assigned the judgment to him for that purpose. He also, on the same day, gave notice of the assignment to Walter I. Wolf and George H. Wolf, who received from the plaintiff an assignment of this judgment on the 4th of March, 1899. After the appeal had been dismissed by the court of appeals, supplementary proceedings were begun on two judgments against Hexter, the plaintiff, and in each of them a third-party order was served upon the Pennsylvania Railroad as debtor to Hexter upon the judgment which he had recovered against it. One of these orders was served on the 19th of May, 1899, and the other on the 20th of the same month. Afterwards the plaintiff's attorney issued to the sher-

iff of the county of New York an execution on the judgment. Thereupon the defendant, upon notice to the plaintiff's attorney and the two persons who had served upon it a third-party order, moved for leave to pay the money due upon the judgment into court, and to· be discharged from further liability upon it. At the same time, upon notice to the plaintiff and the sheriff of the county of New York, the defendant made another motion to set aside the execution which had been issued upon the judgment. When the motions came on to be heard, it was shown that, before the service of the third-party orders upon the defendant, the plaintiff had assigned the judgment to Walter I. Wolf and George H. Wolf, and that they claimed to be the owners of it. The plaintiff's attorney also produced an assignment of the judgment to him; but the execution of this assignment was denied by the plaintiff. The plaintiff, however, conceded that the judgment had been assigned to the Messrs. Wolf, and this was not disputed by any one. The court denied the motion to vacate the execution, but directed that the defendant might pay the money into court, and provided that when that should have been done, and the sheriff's fees paid by the defendant, the judgment should be satisfied by the county clerk. The court further appointed a referee to take proof of the respective claims upon the moneys paid into court upon the judgment, the amount to which each person might be entitled, and the order in which such claims should be paid. The order gave further directions as to the manner in which the reference should proceed. From all of the order, except the portion which denies the motion to vacate the execution, the plaintiff's attorney has appealed.

When it was made to appear, without contradiction, that Hexter had actually assigned his judgment against the defendant to the Messrs. Wolf before the third-party order was served upon him, the jurisdiction of the court to make any direction for the payment of the judgment under the third-party orders ceased, and the persons who had procured those orders had no further lien or claim on the judgment to be enforced in that proceeding. Bank v. Pugsley, 47 N. Y. 368; Waldron v. Walker (Sup.) 18 N. Y. Supp. 292; Beebe v. Kenyon, 3 Hun, 73; Krone v. Klotz, 3 App. Div. 587, 38 N. Y. Supp. 225. All that remained to do with regard to those orders was to dismiss the proceedings, and remit the parties to such an action as they might be advised. As they were both parties to the order to show cause, the court was bound to adjudicate their rights upon this motion. So far as they were concerned, therefore, there was no reason why the money should be paid into court that any further action might be taken with regard to it under the orders which they had procured; also, as soon as it appeared that the circumstances were such that the court had no jurisdiction to permit or direct a payment by the Pennsylvania Railroad pursuant to the third-party orders, the court had no authority to require the money due upon the judgment paid into court upon its motion. So far as it was concerned, its duty was simply to pay the money upon the execution, unless the third-party orders stood in the way, and after those had been disposed of as they should have been, upon the facts shown at

the hearing of this motion, the sheriff was bound to collect it in accordance with the command of the execution. Payment to him would have discharged defendant from any liability upon any claim arising out of the judgment, and it had no occasion to concern itself with any other claim; nor had it any right to do any act, or insist upon any proceeding, which should affect the rights of the plaintiff's attorney, or of the assignee of the judgment. The proper order in that regard would have been to deny the motion made by the defendant to pay the money into court, and to remit it to its rights and duties under the execution. If, when the sheriff had received the money, adverse claims were made against him upon it, he might move for leave to pay the money into court, and thus be protected. Acker v. Ledyard, 8 N. Y. 62. Upon that motion the court would be at liberty to give such directions with regard to the money as might protect the rights of adverse claimants while they were enforcing them; but, clearly, it was no part of the defendant's duty to take any steps in that direction, or by an application to the court to throw any hindrance in the collection of the money upon the execution. So much of the order, therefore, as directed the payment of the money into court, was clearly erroneous.

As to the order of reference, it is quite clear that it also was not properly granted. If the controversy had arisen in this case between Hexter, the plaintiff, and Randall, his attorney, as to their relative rights to this money, the court would no doubt have jurisdiction upon the application of the client to proceed in a summary manner to determine those rights, and to require the attorney to pay over to his client whatever portion of the judgment the attorney himself was not justly entitled to retain. In re Knapp, 85 N. Y. 284. But that jurisdiction arose purely out of the relation of attorney and client. When that relation does not exist, the court has no power in a summary way to adjudge as to the relative rights of the parties. The plaintiff made no claim to this money, and the only persons who did claim it were the Messrs. Wolf, as assignees, and Randall, the plaintiff's attorney, by virtue of his lien or of the assignment which he claimed. But the assignees did not occupy towards Randall, in any respect, the relation of client. Their right to this money arose purely out of contract with the client, and they can only assert those rights by an action precisely as any other person can assert his rights. In re Schell, 58 Hun, 440, 12 N. Y. Supp. 790; Bowen v. Smidt (Sup.) 20 N. Y. Supp. 735.

So much of the order as is appealed from should be reversed, with $10 costs and disbursements, to be paid to the appellant, and the motion denied, with $10 costs, without prejudice, however, to the rights of any party to take such further steps as he may be advised to ascertain and protect his interests in the matter. All concur.