In the Matter of the Application of CATHARINE M. J. REDMOND, as Administratrix, etc., of REBECCA D. CHAMPLIN, Deceased, Appellant, for an Order Requiring CHARLES C. LEEDS, an Attorney, Respondent, to Pay over Moneys Received by him Belonging to said Estate.

*Attorney — not compelled, by a summary proceeding, to pay over money of a lunatic's estate received from the committee.*

An attorney who receives money belonging to the lunatic's estate from the committee of the lunatic for safekeeping will not, after the death of both the lunatic and the committee, be required to pay such money to the lunatic's administrator upon a summary application made by the latter, where the relation of attorney and client did not exist between the attorney and the lunatic, and there is nothing to show whether the committee of the lunatic died intestate or whether she had a personal representative, or whether the estate of the committee, which was not in any way represented in the proceeding, was indebted to the lunatic.

APPEAL by the petitioner, Catharine M. J. Redmond, as administratrix, etc., of Rebecca D. Champlin, deceased, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of July, 1900, denying her motion to compel Charles C. Leeds, an attorney, to pay over to her certain money alleged to have been received by him belonging to the estate of Rebecca D. Champlin.

*Isaac N. Miller,* for the appellant.

*Almet R. Latson,* for the respondent.

HATCH, J. :

The application seems to have been denied in the court below upon the ground that it appeared upon the face of the petition that the relation of attorney and client did not exist between the parties, and that summary application could not be made to compel the payment of money in the absence of such relation. While it is undoubtedly true that the relation of attorney and client must have existed at the time of the reception of the money by the attorney, yet it

does not follow that a successor in interest from the party may not maintain a summary proceeding to compel payment over by the attorney, even though the conventional relation does not and has never existed between them. The successor in interest may, nevertheless, succeed to all of the remedies which were possessed by the original party to compel payment of the money. *Schell* v. *Mayor* (128 N. Y. 67) decided this, but did not extend the doctrine beyond it, and this exception did not bring the case in conflict with the rule announced in *Matter of Application of Knapp* (85 N. Y. 284). The exception has no application to the facts averred in this petition. In the present case it appeared that the petitioner is the administratrix of Rebecca D. Champlin, who had, prior to her death, been adjudged a lunatic. Caroline M. J. Champlin was appointed a committee of her person and estate upon such adjudication. After such appointment there was paid to the respondent for the committee a sum of money of which the sum sought to have paid over in this proceeding is the balance. It appears by the petition that the original sum was received and retained by the petitioner for safekeeping only.

The committee of the estate died, having never rendered an account of her proceedings as committee, and the same has never been in any manner settled. There is nothing before the court, therefore, to show whether the committee of the incompetent died intestate, or whether she has a personal representative. Nor has the estate of the committee in anywise been represented; nor does it appear that such estate is indebted to the incompetent. The respondent at the most was simply a custodian of this fund, and, as between the estate of the committee and himself, is responsible to such estate for such sum of money, and it does not appear but that the committee properly paid out and distributed for the benefit of the incompetent a sum greater than that for which payment is sought to be compelled, in which event the lunatic might not have any interest in the fund.

It is evident that upon the allegations of the petition the relation of attorney and client did not exist between the respondent and the incompetent person, and no such relation is pretended to exist between the petitioner and the respondent; nor does the petitioner derive interest from the deceased committee of the lunatic. The

court was, therefore, right in making disposition of the proceeding which it did.

It follows that the order should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.