### CHARLES D. DURKEE & CO. v. BONNELL et al.

#### (Supreme Court, Appellate Term. November 22, 1910.)

1. EXECUTION (§ 418*)— SUPPLEMENTARY PROCEEDINGS—DELIVERY OF PROPERTY—OWNERSHIP—"SUBSTANTIAL DISPUTE."

Where in supplementary proceedings K. appeared, at the hearing of a motion to punish the judgment debtor for contempt in refusing to turn over certain property to a receiver, by the same attorney that appeared for the judgment debtor, without filing a written claim, or supporting it by documentary evidence or otherwise, there was no "substantial dispute" as to right of possession, within Code Civ. Proc. § 2447, providing that, where the judgment debtor has in his possession personal property belonging to him, and his right to possession thereof is not substantially disputed, the judge may require the debtor to turn over such property.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1201; Dec. Dig. § 418.*

For other definitions, see Words and Phrases, vol. 7, p. 6738.]

2. EXECUTION (§ 418*)—SUPPLEMENTARY PROCEEDINGS—CLAIM—REFERENCE.

Where, in contempt proceedings against the judgment debtor for failure to turn over certain personal property to a receiver, there was no substantial dispute as to the debtor's right to possession, an order that the judgment debtor should be held in contempt, and should turn over the property, unless within a specified time the claimant should establish before a referee named that he was the legal owner of the property, was erroneous, since the court at Special Term, or through a referee, had no right to try such issue.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1201; Dec. Dig. § 418.*]

Appeal from City Court of New York, Special Term.

In the matter of proceedings supplementary to execution by Charles D. Durkee & Co., judgment creditors, against George P. P. Bonnell, judgment debtor. From an order of the City Court, adjudging the judgment debtor in contempt for failing to turn over property to Edward S. Thomas, as receiver, the judgment debtor and John V. Kennedy, a claimant of the property, appeal. Affirmed.

Argued before SEABURY, PAGE, and BIJUR, JJ.

George B. Hayes, for appellants.

Lesser Bros. (Benjamin Lesser, of counsel), for respondents.

BIJUR, J. The property consists of certain engines in a boat which had belonged to the judgment debtor. One John V. Kennedy "appeared" at the hearing on the motion to punish for contempt, his appearance being made by the same attorney as the judgment debtor's.

The only claim he seems to have made must have been in the argument of this attorney, for there is nothing in the papers to indicate what claim he has, nor whether it was documentary or otherwise. Under these circumstances, it cannot be said that there is a "substantial dispute" as to the right of possession, under section 2447 of the Code of Civil Procedure. In the event of such a dispute, the parties would be relegated to an action by the receiver against the claimant.

In the case at bar the court went too far in its effort to be fair, by providing that the judgment debtor should be held in contempt and should turn over the property *unless within a certain time the claimant should establish before a referee named that he is the legal owner of the property.* The court at Special Term, or through a referee, has no right to try that issue. Hexter v. Pennsylvania R. Co., 43 App. Div. 113, 59 N. Y. Supp. 453. But the error was really in appellant's favor, since it afforded him an opportunity of proving that there was at least a "substantial dispute" about the title to the property. No such dispute appearing from the record, so much of the order as permitted this reference may be regarded as pure surplusage. The judgment debtor was properly adjudged in contempt on the record as it stands.

Order modified, by striking out the provision as to the reference, and, as so modified, affirmed, with $10 costs and disbursements. All concur.