In the Matter of the Application of ISAAC LAHM and HERBERT J. DEUTZ, Appellants, for an Order Directing HERBERT C. POLLACK, Respondent, an Attorney, to Pay over Certain Moneys.

First Department, November 9, 1917.

Attorney and client — summary proceeding under section 475 of Judiciary Law to compel attorney to pay over money collected upon judgment — attorney having contingent claim for portion of recovery may not abandon client after collecting his own part.

Where an attorney, with knowledge of the assignment by his client of an action which he had commenced, made subject to his claim " in said action of one-half of the recovery for his services herein," prosecuted the action to judgment and thereafter instituted supplementary proceedings against the judgment debtor and after obtaining the amount due him withdrew from the case, he may be compelled, under section 475 of the Judiciary Law, to pay over to the assignees of the cause of action their share of the money collected upon the judgment owned by them: This, because, in continuing the action, he acted thereafter in behalf of the assignees, the real parties in interest, and owed to them the same degree of fidelity that he had owed to his original client.

An attorney having a contingent claim for part of a recovery may not collect his own part and then abandon all efforts to collect his client's part.

APPEAL by the petitioners, Isaac Lahm and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York denying their motion for a summary order under section 475 of the Judiciary Law.

*Otto A. Samuels,* for the appellants.

*Herman C. Pollack,* for the respondent.

Scott, J.:

This is a proceeding under section 475 of the Judiciary Law to compel an attorney to pay over moneys collected upon a judgment owned by the petitioners. The facts are somewhat unusual.

Petitioners recovered a judgment against one Siegfried Blumenkron and caused him to be examined in proceedings supplementary to execution. Upon that examination it appeared that Blumenkron had a claim against S. Blumenkron, Inc., upon which an action had been begun and was still pending. Blumenkron thereupon executed an assignment of said cause of action to plaintiffs petitioners. In the action upon said claim so assigned the respondent here was the attorney for Blumenkron, and the assignment was made " subject to the claim and interest of Herman C. Pollack, my attorney in said action of one-half of the recovery for his services herein." The respondent was cognizant of this assignment, and thereafter prosecuted the action of Blumenkron against S. Blumenkron, Inc., to judgment. After the recovery of the judgment he undertook to prosecute, and did prosecute, proceedings supplementary to execution against S. Blumenkron, Inc. Just what he did in the course of these proceedings does not appear, but as a result thereof he accepted from one of the officers of the corporation, judgment debtor, the sum of $500 in satisfaction of his, said attorney's, interest in the judgment, and assigned his interest in said judgment to said officer, at the same time delivering to said officer " certain papers which might facilitate action by said assignee." Just what these papers were, respondent does not disclose. He then advised the petitioners, through their attorney, that he had " withdrawn from the case of *Blumenkron* v. *Blumenkron* and am doing nothing further in the matter."

Reduced to its simplest terms, therefore, we have the case of an attorney employed to collect a judgment under an agreement that he shall have fifty *per cent* of the recovery, who collects his share, and then abandons the case and refuses to pay his client any part of what he has collected.

The respondent's answer to the petition is extremely technical. He says in the first place that he may not be proceeded against under section 475 of the Judiciary Law because the conventional relation of attorney and client never existed between himself and the petitioners; and in the second place that under his fifty *per cent* retainer he had an interest in the judgment and a lien upon the proceeds thereof which was assignable and which he had a right to assign. These objections we consider wholly untenable.

The transfer of the claim against S. Blumenkron, Inc., took place while the action was still pending and with the respondent's knowledge. In continuing the action he acted thereafter in behalf of the petitioners, the real parties in interest, and thereafter owed to them the same degree of fidelity that he had owed to his original client. Under such circumstances the petitioners became entitled to all the remedies that Blumenkron, the assignor of the claim, would have enjoyed if he had not made the assignment. For this proposition there is ample authority.

In *Matter of Redmond* (54 App. Div. 454) this court said: " While it is undoubtedly true that the relation of attorney and client must have existed at the time of the reception of the money by the attorney, yet it does not follow that a successor in interest from the party may not maintain a summary proceeding to compel payment over by the attorney, even though the conventional relation does not and has never existed between them. The successor in interest may, nevertheless, succeed to all of the remedies which were possessed by the original party to compel payment of the money," and in *Matter of Gillespie* v. *Mulholland* (12 Misc. Rep. 40) the late Chief Justice DALY writing for the General Term of the Court of Common Pleas, said: " In the present case the transfer of the claim in suit was proposed and accepted during the pendency of the action, with the knowledge of the attorney, who advised against a formal assignment being made at that time, but having notice of the intention and rights of the parties he must be held to have prosecuted the action for the benefit and on behalf of the real party in interest, the proposed assignee, and so the relation of attorney and client was thus, in a measure, created between them."

Furthermore, after the judgment against S. Blumenkron, Inc., had been removed, the relator undertook, in behalf of the petitioners, to institute and prosecute proceedings supplementary to execution to collect the judgment. This fact alone, apart from all other considerations, established such a relation of attorney and client as to justify resort to section 475 of the Judiciary Law. We shall not attempt to follow the respondent's argument as to his right to assign his interest in the judgment. That question is not at issue. The question is as to his right to collect and retain his half of the recovery, and then abandon his client. Although his assignment is said to have been made to an officer of the judgment debtor, it is very apparent that it was made in effect and purpose to the corporation itself. What the whole transaction amounts to is that respondent has collected $500 on account of the judgment for a larger amount. What he was entitled to, under his fifty *per cent* agreement, was one-half of the recovery, which means one-half of any amount collected under the judgment. Clearly the petitioners were entitled to receive the other half, and this respondent should be required to pay it over to them. That a lawyer, having a contingent claim for part of a recovery, may collect his own part and abandon all efforts to collect his client's part, is without justification in morals, ethics or law.

The order appealed from, in so far as it denied petitioners' prayer that the respondent be required to pay over $250 out of the $500 received by him, is reversed and the motion granted to that extent, with ten dollars costs and disbursements. As the attorney has not appealed, the other provisions of the order remain unaffected.

CLARKE, P. J., SMITH, DAVIS and SHEARN, JJ., concurred.

Order reversed and motion granted to extent stated in opinion, with ten dollars costs and disbursements. Order to be settled on notice.