## BAGLEY v. YOUNG, Sheriff.

No. 6495. Decided March 11, 1943. (134 P. 2d 1098.)

Rehearing denied May 29, 1943.

*Soule & Spalding,* of Salt Lake City, and *Ben G. Bagley,* of Midvale, for appellant.

*Grover A. Giles,* Atty. Gen., *Calvin L. Rampton,* Deputy Atty. Gen., and *Walter M. Critchlow,* Deputy Co. Atty., of Salt Lake City, for respondent.

HOYT, District Judge.

This is an appeal from a judgment of dismissal by the District Court of Salt Lake County rendered in a habeas corpus proceeding. The matter grew out of a contempt proceeding against the plaintiff herein who was the president and treasurer of the Universal Life Insurance Association, a corporation in receivership. The receiver in that case, in which the State Commissioner of Insurance was plaintiff and the corporation mentioned was defendant, filed an affidavit in which it was recited that the order appointing him receiver directed him to take into his possession all property and assets of the defendant corporation and its books and papers relating to its business; that Bagley (plaintiff herein) had refused to surrender certain books and papers of said association and the treasurer's bond. The receiver prayed for an order requiring Bagley to show cause why he should not be found guilty of contempt of said order of the court. After a hearing on such contempt charge the trial court found Bagley in contempt and entered an order sentencing him to imprisonment for thirty days in the county jail. From this order Bagley appealed to this court. Thereafter a remittitur from this court was filed in the District Court showing dismissal of the appeal. The District Court then issued a commitment to the sheriff of Salt Lake County (defendant herein) commanding him to imprison the plaintiff in accordance with the previous sentence. Plaintiff thereupon filed in the Supreme Court a petition for writ of habeas corpus. The petition set forth the foregoing matters. It further alleged that the restraint

of the plaintiff by the defendant was illegal in that the affidavit filed by the receiver in the contempt proceedings "does not state facts sufficient to constitute a contempt of said court or of said order in that it alleges only that the said Bagley had not complied with the said order appointing said Ottosen receiver of the Universal Life Insurance Association and did not allege any specific act or acts upon the part of said Bagley which, if true, would constitute a violation of said court order or show him guilty of contempt of court." A copy of the order of commitment and of the affidavit of the receiver in the contempt proceeding was annexed to the petition and incorporated as a part of it by reference. Pursuant to this petition the Supreme Court issued a writ of habeas corpus commanding the defendant sheriff to appear on the same day before the District Court of Salt Lake County and have before it the body of said Bagley to be dealt with according to law. The defendant appeared as commanded and produced the plaintiff before the District Court and also filed a demurrer and answer. These were entitled "In the Supreme Court of the State of Utah." The demurrer was as follows: "Comes now the defendant above named and demurs to the petition for writ of habeas corpus filed herein by the above named plaintiff on the ground and for the reason that said petition fails to allege facts sufficient to warrant the relief prayed for." The answer admitted the holding of the plaintiff under the commitment referred to in the petition, denied the illegality of such restraint, and denied the allegations of the petition as to the insufficiency of the affidavit in the contempt proceedings. With the record in the District Court in the condition as stated, and both parties being represented by counsel, the cause proceeded to trial. The commitment issued to the sheriff was introduced in evidence by him. Proceedings were then had as shown by the judgment of the court as follows:

"Thereupon the respective counsel argued the merits of said demurrer at the conclusion of which arguments the said court sustained

said demurrer. Counsel for the plaintiff thereupon advised the court that the plaintiff refused to plead and answer further in the cause and submitted the cause for judgment on the merits. Thereupon the court being fully advised in the premises, it is hereby ordered and adjudged that the said cause and the said petition for a writ of habeas corpus be dismissed and the said cause is hereby dismissed."

From this judgment the cause is appealed to this court by the plaintiff Bagley. The appeal is on the judgment roll, without a bill of exceptions. The appellant asserts that the trial court erred in sustaining the demurrer, in dismissing the cause, and in not requiring the sheriff to make a return to the writ.

We find no merit in the appeal. The allegations of plaintiff in his petition for writ of habeas corpus affirmatively show that the restraint of plaintiff by defendant was legal. The fact that the writ had been issued by the Supreme Court and required the defendant sheriff to make return before the District Court did not preclude the defendant from submitting the matter to that court upon the allegations of plaintiff's petition. This is obviously in substance what was done. The defendant appeared in obedience to the writ and produced the body of the plaintiff before the court. The plaintiff was represented by counsel. The defendant filed a demurrer and an answer. The court should have refused to consider the demurrer which by its language was directed to the petition for the writ, and should have required the defendant to file a return setting forth the cause of the restraint. The law does not require technical or elaborate formality in such proceedings, however. Writs of habeas corpus are usually made returnable on short notice—sometimes, as in this case, on the same day as when issued. Common sense requires that courts shall not be unduly strict in the matter of form of the defendant's return, particularly when a return is required to be made on short notice. With respect to the form of return required and proceedings on habeas corpus matters, the Utah statute, so far as material here, is as follows:

"Service (of the writ) being made, the defendant must appear at the proper time and place and answer the complaint. He must also bring the body of the plaintiff, or show good cause for not doing so." R. S. U. 1933, Sec. 104-65-15.

"The defendant in his answer must state plainly and unequivocally whether he then has, or at any time has had the plaintiff under his control or restraint, and, if so, the cause thereof." Ib. Sec. 104-65-16.

"Upon the return of any writ of habeas corpus the court or judge shall, after giving sufficient notice, proceed in a summary manner to hear the matter, and shall dispose of the prisoner as justice may require." Ib. Sec. 104-65-20.

If a demurrer to the petition for the writ is filed, without any other pleading on the part of defendant, and if the matter is submitted by both parties upon the allegations of the petition and the defendant's demurrer thereto, then the statement of facts contained in the petition should be looked upon as an agreed statement of facts and judgment should be rendered accordingly.

In this case the plaintiff's petition showed the commitment under which defendant held the plaintiff in custody. The judgment recites that respective counsel argued the merits of the demurrer and that the court sustained it; that counsel for plaintiff thereupon advised the court that the plaintiff refused to plead and answer further and submitted the cause for judgment on the merits. The court then ordered "that the said cause and the said petition for a writ of habeas corpus be dismissed." We see no error in such ruling. There is no merit to plaintiff's contention that the district court was acting only in the capacity of a referee. The statute relative to writs of habeas corpus issued by a justice of the Supreme Court provides that:

"When allowed by a justice of the supreme court the writ may be made returnable before himself or the supreme court, or before any district court or judge thereof in the state." R. S. U. 1933, Sec. 104-65-5.

When the writ is made returnable before a judge of a district court, it is, unless otherwise ordered, before that court for determination on the merits and not as a referee of the Supreme Court. *Ex parte Gonsher,* 146 Okl. 156, 294 P. 159; *Ex parte Smith,* 150 Okl. 98, 300 P. 635.

The plaintiff's petition specifically recites the issuance and service of the citation requiring him to show cause in the contempt proceeding. It has annexed to it a copy of the affidavit under which the citation was issued. The affidavit recites that the receiver had been duly appointed and by the court had been directed to take into his possession the assets, books, and papers relating to the business of the corporation of which Bagley, the plaintiff herein, was president and treasurer; that the affiant, receiver informed Bagley of his appointment as receiver and of the order of the court directing him to take into his possession all of the assets, books and papers of the corporation; that plaintiff surrendered to him a portion of the books and papers relating to the corporation but refused to surrender certain of the other books and papers of the corporation which were then in plaintiff's possession.

If therefore, in the habeas corpus proceedings, it was necessary for the court to go behind the commitment and consider whether the acts charged as contempt were such as to constitute contempt, the plaintiff's petition affirmatively showed acts by plaintiff which justified the judgment of contempt.

"When the court appointing a receiver has made an order requiring the delivery to him by a party of the effects of the estate or of the property over which the receivership is extended, it may enforce obedience by contempt process, in the absence of a sufficient excuse for failure to obey the order." 53 C. J. 110, § 133.

Failure of the affidavit to show that plaintiff had been served with a copy of the order appointing the receiver was immaterial since it is shown that he was informed of the order and that it directed the receiver to take possession of the assets, books and papers of the cor-

poration. 17 C. J. S., Contempt, p. 23, § 18; *Shibley* v. *Superior Court*, 202 Cal. 738, 262 P. 332; *State* v. *Mohar*, 169 Wash. 368, 13 P. 2d 454.

The fact that plaintiff herein was not a party to the suit in which the receiver was appointed is likewise immaterial, since it is shown by the affidavit that he was the president and treasurer of the defendant corporation ▮ for which the receiver was appointed. *Erie R. Co.* v. *Heath*, 8 Fed. Cas. page 762, No. 4,514, 8 Blatchf. 536; *People* v. *Weigley*, 155 Ill. 491, 40 N. E. 300.

"It is no defense to a contempt proceeding for interfering with a receiver's possession * * * that the person charged with the contempt was not a party to the proceeding in which the receiver was appointed." 53 C. J. 115, § 139.

"When possession is withheld by persons who are parties to the suit, or by their agents or employees, or by others who are claiming under such parties, with notice of the appointment of the receiver, the court may interfere in a summary way and order the delivery of the property, and may enforce its order by writ of assistance, or possession, or by execution or attachment." Id., § 131.

With reference to the disposition of the habeas corpus case the trial court "ordered and adjudged that the said cause and the said petition for a writ of habeas corpus be dismissed and the said cause is hereby dismissed." We find no material error in such form of judg- ▮ ment. An order remanding the plaintiff to the custody of the defendant sheriff may have been more proper. But the judgment dismissing the cause had the same operation and effect. The judgment is affirmed with costs to defendant.

WOLFE, C. J., and McDONOUGH and MOFFAT, JJ., concur.

LARSON, J., concurs in the result.

PRATT, J., on leave of absence.