276 P.2d 540

Darrel G. BROWN, Petitioner,

v.

The SUPERIOR COURT OF PIMA COUNTY, and Hon. Robert S. Tullar, one of the Judges thereof, Respondents.

No. 5993.

Supreme Court of Arizona.

Decided Nov. 10, 1954.

John T. Kettlewell, Tucson, for petitioner.

No appearance by respondents.

Martin S. Rogers, Tucson, as friend of the respondent court.

UDALL, Justice.

This is an original proceeding in prohibition directed against the superior court of Pima County and Honorable Robert S. Tullar, the presiding judge of Division No. 3. We issued an alternative writ to test the jurisdiction of the respondent court to exact from attorney Darrel G. Brown (petitioner herein) compliance with an order or rule to pay over moneys by summary contempt proceedings where the relation of attorney and client did not exist between said attorney and the party seeking such relief.

The facts out of which this proceeding arises may be summarized as follows: Monte Seymour, as plaintiff, brought an action for divorce (No. 41148) in the superior court of Pima County, against defendant Mary Louise Sapp Seymour. During the pendency of that action a court order was entered in Division No. 2, directing the plaintiff to pay defendant $75 as attorney's fees and $12.70 as court costs. Later, to enforce compliance with this order, contempt proceedings were initiated against plaintiff and under compulsion he finally paid the $87.70 to Darrel G. Brown (petitioner herein) as attorney for defendant, who paid the court costs and retained the balance of the money. Thereafter the cause was transferred to Division No. 3 where the complaint was amended to state a claim for annulment of the marriage, and after a hearing thereon judgment decreeing annulment was entered. This judgment further ordered, adjudged and decreed:

" * * * 2. That each and all of the temporary orders of this court are hereby set aside and declared of no further force nor effect.

"3. That all property registered in the name of the plaintiff, prior or since the said ceremony of July 19, 1953, which has come into the possession of the defendant, her agent or her attorney, by reason of said marriage ceremony, or dealings between the parties resulting from the said ceremony, is declared to be the property of the plaintiff, Monte Seymour, and that the sewing machine heretofore ordered by the Court to be delivered to Darrel G. Brown, as attorney for the defendant, is ordered returned to the plaintiff."

It is to be noted that the decree makes no specific mention of moneys theretofore advanced by plaintiff for attorney's fees and court costs, nor is any point here made relative to disposition of the sewing machine.

Petitioner was thereafter served with an order to show cause why he should not be found in contempt for failure to repay to plaintiff the attorney's fees and court costs amounting to $87.70 theretofore received from plaintiff. Upon denial of petitioner's

motion to quash the order to show cause for the reason that the court was without jurisdiction to invoke contempt in aid of plaintiff in this respect, this original proceeding was instituted.

Petitioner asserts that since he was not a party to the divorce or annulment proceedings, the respondent had no jurisdiction by contempt proceedings to enforce the purported order entered therein against him, and unless prohibition is granted he has no plain, speedy or adequate remedy to protect himself from the threatened contempt judgment as no appeal lies therefrom.

Respondent, however, contends that contempt was properly invoked in the exercise of the power of the court to control an attorney as one of its officers and further that petitioner has not shown himself entitled to the extraordinary relief sought.

We believe prohibition is proper to test the jurisdiction of the court to enforce this order against petitioner by contempt proceedings. The rule is stated in 42 Am. Jur., Prohibition, Section 24:

"* * * a writ of prohibition is proper, not only in cases where the lower tribunal has no legal authority to act at all, but also in cases wherein such inferior tribunal, although having general jurisdiction over a particular class of cases, has exceeded such jurisdiction in the particular case. Therefore, prohibition may issue to prevent a court from * * * punishing as a contempt any act which for some reason does not constitute a contempt * * *."

As we have previously stated when faced with this problem:

"A consideration of the nature and scope of the remedial writs left to the relators as alternatives to a denial of the writ of prohibition would seem to render imperative the conclusion that to remit the petitioners to the other remedies afforded by law would be tantamount to a denial of justice, and that such remedies are inadequate, at least at this stage of the proceedings." Van Dyke v. Superior Court, 24 Ariz. 508, 211 P. 576, 588.

The court there made peremptory a portion of the alternative writ of prohibition forbidding any action of the lower court to punish certain noncontemptuous acts of the relators.

The remedy of prohibition having been properly invoked we next consider whether the trial court had jurisdiction to effect compliance by petitioner with the above-stated decree through contempt proceedings. At the outset it should be noted that a copy of the proposed judgment was mailed to petitioner, as attorney for defendant, and hence, having actual notice of its contents, he cannot escape the consequences of any disobedience thereof by an allegation that the order was never formally served upon him. State ex rel. Roseburg v. Mohar, 169 Wash. 368, 13 P.2d 454; Bagley v. Young,

103 Utah 258, 134 P.2d 1098; 17 C.J.S., Contempt, § 18; 12 Am.Jur., Contempt, Sec. 27.

■ It is well established that a court may in the exercise of its summary jurisdiction compel an attorney to pay over or account for moneys or property belonging to *his* client. We must decide whether this rule may be applied to aid one to whom petitioner does not sustain the relationship of attorney. The case of People ex rel. Andalman v. Finnegan, 350 Ill. 109, 182 N.E. 792, 793, supplies the answer. In that case an order had been entered requiring the attorney for plaintiff wife in a divorce action, to return to the husband moneys in his possession received from the husband as attorney's fees. In discussing the prayer of the attorney that a writ of mandamus issue to the court below expunging this order, the court said:

> " * * * The rule is well settled that courts have no summary jurisdiction over an attorney to compel him by order or rule to pay over moneys unless the relation of attorney and client exists between the attorney and the party seeking such summary relief. (Citing cases.) The rule has its basis in the right of an attorney, except where the relation of attorney and client exists, to have his liabilities established in the ordinary channels, of legal procedure. (Citing cases.) In the Matter of

Schell, 58 Hun, 440, the court said at page 442, 12 N.Y.S. 790: 'It is because of the relations existing between attorneys and clients that the client is allowed to pursue this extraordinary remedy; and it is because it is the duty of the court to see that the attorney acts with fidelity, as well to the court as to the client, that it assumes this jurisdiction. There does not seem to be any principle upon which a stranger, simply because he has become the owner of a demand which had once been owned by a client, can seek this protection of the court.' The relation of attorney and client cannot exist between the attorney for one party and the opposite party to a suit or proceeding and the latter cannot invoke against the former and summary jurisdiction which a court may exercise for a client's protection. (Citing cases.) * * *."

See also Neale v. Parks, 339 Ill.App. 142, 88 N.E.2d 891; 7 C.J.S., Attorney and Client, § 159b; 5 Am.Jur., Attorneys at Law, Sec. 145.

Inasmuch as it appears that the trial court was exceeding its jurisdiction it is ordered that the alternative writ of prohibition be made permanent.

PHELPS, C. J., and STANFORD, LA PRADE, and WINDES, JJ., concurring.