Wytheville.

MALLORY V. THE VIRGINIA COLONY FOR THE FEEBLE-
MINDED.

June 13, 1918.

1. INSANITY—*Feeble-mindedness*—*Acts 1916, page 662, et seq.*—
Under the Acts of Assembly of 1916, page 662, *et seq.*, defining
feeble-mindedness and providing for the examination, com-
mitment and custody of feeble-minded persons, there was filed
before the judge of the Hustings Court of the city of Richmond
a report in writing of a "commission" which purported to have
been composed of the persons designated in section 3 of said
statute, setting forth the testimony before the "commission,"
and its finding that the petitioner "is feeble-minded and ought
to be confined in an institution for the feeble-minded," as
stated in such report, and the judge based the order complained
of, committing the petitioner to the custody and control of the
defendant, upon such report. The Supreme Court of Appeals
was of the opinion that if such report had been accompanied
by such a record as would have shown that the "commission"
had jurisdiction to make it, that the report might be treated
as substantially the "petition" to the judge required by section
4 of said statute, and the said judge would have had jurisdic-
tion to enter the order complained of upon such report.

2. INSANITY—*Feeble-mindedness*—*Acts 1916, page 662, et seq.*—
The statute does not contemplate that the judge should try
the issue whether the alleged feeble-mindedness exists or not.
The "commission" is the tribunal created by the statute for
the trial of such issue.

3. INSANITY—*Feeble-mindedness*—*Acts 1916, page 662, et seq.*—
*Jurisdiction of Commission.*—The statute prescribes a certain
procedure to be followed in order to confer jurisdiction on the
commission to make the inquiry and report. Some procedure
giving notice to the person proceeded against is essential to the
due process of law which is guaranteed to every person by the
fourteenth amendment to the Federal Constitution, and had
the statute not provided for some such procedure, it would
have been itself null and void because unconstitutional. How-
ever, the statute under consideration does provide for due pro-

cess of law, in that it requires that the proceeding shall be inaugurated by a petition "setting forth under oath the circumstances indicating the feeble-mindedness of the person named," and containing other statements such as are specified in section 2 of the statute. Then the issuance of a warrant for the alleged feeble-minded person and a summoning of the persons named in the petition is required by section 3 of the statute. And by section 4 of the statute an appeal is given to the person accused of feeble-mindedness to the Supreme Court of Appeals, following the disposition of the case by the circuit or corporation court, or judge thereof.

4. INSANITY—*Feeble-mindedness—Acts 1916, page 662, et seq.— Substantial Compliance with Statute.*—A substantial compliance with the requirements as to procedure is essential to the jurisdiction of the commission and of the court, judge or justice. The whole proceeding in such a case is statutory, and, in analogy with the well understood doctrine touching the special jurisdiction of courts conferred by statute, the statutory requirements as to procedure are jurisdictional and must be at least substantially complied with, otherwise any order entered in the case will be null and void.

5. INSANITY—*Feeble-mindedness—Acts 1916, page 662, et seq.— Substantial Compliance with Statute—Case at Bar.*—In the case at bar, there was no petition under oath inaugurating the proceeding, and there was no warrant issued for the alleged feeble-minded person. Therefore, the procedure was not a substantial compliance with the requirements of the statute, and the order of court under which the defendant justified its custody and control of the petitioner, the alleged feeble-minded person, was null and void.

Petition for writ of *habeas corpus.*

*Petition granted.*

The opinion states the case.

*Smith & Smith* and *R. W. Ivey,* for the petitioner.

*Caskie & Caskie,* for the respondent.

PER CURIAM:

The proceeding in this case raises the single question, whether the judge of the Hustings Court of the city of Rich-

mond had jurisdiction of the person of the petitioner so as to empower the former to enter the order of October 31, 1917, under which the defendant holds its custody and control of the petitioner. The decision of this question depends upon the proper construction of Acts of Assembly, 1916, page 662 *et seq.,* entitled "An act to define feeble-mindedness and to provide for the examination, legal commitment, and the custody and care of feeble-minded persons, and their segregation in institutions."

This statute provides: "That the words 'feeble-minded person' in this act shall be construed to mean any person with mental defectiveness from birth, or from an early age, but not a congenital idiot, so pronounced that he is incapable of caring for himself or managing his affairs, or of being taught to do so, *and is unsafe and dangerous to himself and to others and to the community,* and who consequently requires care and supervision and control *for the protection and welfare of himself, of others and of the community,* but who is not classible as an 'insane person' as usually interpreted." (Italics supplied.)

Under this statute, the judge who entered the order aforesaid was given jurisdiction to enter it upon the *ex parte* petition of the "commission" provided for in the statute. (See section 4 of such statute.) In the case before us (omitting mention of an invalid commitment of the petitioner to the custody of the superintendent of the poor, not involved in the issue before us) there was filed before the said judge a report in writing of a "commission" which purported to have been composed of the persons designated in section 3 of said statute, setting forth the testimony before the "commission" and its finding that the petitioner "is feeble-minded and ought to be confined in an institution for the feeble-minded," as stated in such report; and said judge based the order complained of upon such report. Now if such report had been accompanied by such a

record as would have shown that the "commission" had jurisdiction to make it, we are of opinion that the report might be treated as substantially the "petition" to the judge required by section 4 of said statute, and the said judge would have had jurisdiction to enter the order complained of upon such report.

We are of opinion that the statute aforesaid does not contemplate that the said judge should have tried the issue whether the alleged "feeble-mindedness" existed or did not exist. The "commission" is the tribunal created by the statute for the trial of such issue. The powers of such judge are limited and are set forth in section 4 of the statute.

But the statute prescribes a certain procedure to be followed in order to confer jurisdiction on the "commission" to make the inquiry and "report" aforesaid. It requires that in order to inaugurate the proceeding leading up to said inquiry and "report," a petition must be filed, before the court, judge or justice designated in the statute, raising the issue of fact aforesaid and giving "the names and financial condition of the persons, if any, having the custody and control, and the parents, guardians and brothers and sisters, if any, of the alleged feeble-minded person." And the statute further provides that, "Thereupon it shall be the duty of the judge or the justice with whom said petition is filed, to issue a warrant ordering such alleged feeble-minded person to be brought before him and summon the persons named in the petition and such other persons as may be deemed competent to testify to the condition and circumstances of the alleged feeble-minded person, including two physicians * * *" etc.

Now, so far as the summoning of persons aforesaid is concerned, such procedure is manifestly not for the purpose of making them parties to the cause, but merely for

the purpose of thoroughly investigating the facts of the case and to obtain all the evidence reasonably obtainable bearing upon the issue of fact aforesaid to be adjudicated by the "commission," namely, whether the alleged feeble-mindedness does or does not exist, and also bearing upon matters concerning which the said judge had power to act under section 4 aforesaid. The statute under consideration does not provide as does the statute concerning "dependent or neglected" children who are not charged with any crime or with being a menace to the public welfare (Acts 1914, page 696 *et seq.*) that, "The parent or guardian * * *" etc., shall be "notified of the proceeding." The guardian mentioned in the statute involved in the instant case is not a guardian *ad litem.*

In the instant case the "commission" would have had jurisdiction to have made the inquiry and report if the alleged feeble-minded person had been brought in person before such "commission" upon a warrant issued in accordance with an application of a petition such as the statute first above named requires to inaugurate the proceeding. The public welfare is involved in such a case. The same principle is involved as in a criminal case, where no notice to parent or guardian of an infant accused of crime is needed to confer jurisdiction on the court to take the infant into custody and try him for the offense of which he may stand charged. But, as in a criminal case so in the instant case, some procedure giving the accused person proceeded against information of the nature of the accusation against him (whether such person be an infant or an adult is immaterial) is essential to the due process of law which is guaranteed to every person by the fourteenth amendment to the Federal Constitution. And had the statute under consideration not provided for some such procedure, it would have been itself null and void because unconstitutional.

However, the statute involved in the instant case does

27

provide for due process of law, in that it requires that the proceeding shall be inaugurated by a petition "setting forth under oath the circumstances indicating the feeble-mindedness of the person named," and containing other statements such as are specified in section 2 of the statute. Then the issuance of a warrant for the alleged feeble-minded person and a summoning of the persons named in the petition is required by section 3 of the statute. And by section 4 of the statute an appeal is given to the person accused of feeble-mindedness to the Supreme Court of Appeals, following the disposition of the case by the circuit or corporation court, or judge thereof.

We are of opinion that a substantial compliance with the aforesaid requirements as to procedure was essential to the jurisdiction of the "commission" and of the said judge in the case before us. The whole proceeding in such a case is statutory, and, in analogy with the well understood doctrine touching the special jurisdiction of courts conferred by statute, the statutory requirements as to procedure are jurisdictional and must be at least substantially complied with, otherwise any order entered in the case will be null and void.

In the instant case there was no petition under oath inaugurating the proceeding, and there was no warrant issued.

We are compelled, therefore, to the conclusion that the procedure was not a substantial compliance with the requirements of the said statute involved, and that the order of court under which the defendant justifies its custody and control of the petitioner was null and void. Hence, the prayer of the petition will be granted.

*Petition granted.*