L. Supp. p. 1596; 4 R. C. L. Supp. p. 1856; 5 R. C. L. Supp. p. 1568. (2) Workmen's Compensation Acts C. J. p. 110 § 115; 28 R. C. L. p. 828: 3 R. C. L. Supp. p. 1690; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. 1580. (3) Workmen's Compensation Acts C. J. p. 117 § 115. (4) Workmen's Compensation Acts C. J. p. 105 § 102; anno. L. R. A. 1916A, 85, 244; L. R. A. 1917D. 131; L. R. A. 1918E. 556; 28 R. C. L. p. 825; 5 R. C. L. Supp. p. 1579. (5) Workmen's Compensation Acts C. J. p. 122 § 127: anno. L. R. A. 1917D. 188; 28 R. C. L. p. 828: 3 R. C. L. Supp. p. 1600: 4 R. C. L. Supp. p 1782: 5 R. C. L. Supp. p. 1580. (6) Workmen's Compensation Acts C. J. p. 124 § 131.

---

## Ex parte GONSHOR.

No. 16902—Opinion Filed March 16, 1926.

(Syllabus.)

**Jury—Right to Jury Trial—Habeas Corpus—Insane Person Confined in Asylum.**

Where a petitioner for writ of habeas corpus was committed to the hospital for the insane in 1914, where he has since continuously remained, and the proceedings by which he was committed are in all respects regular, on habeas corpus to obtain a discharge therefrom he is not entitled as a matter of right to have the issue of his present sanity or insanity tried by a jury, and if the court, in its discretion and to aid its conscience, should grant a trial by jury, it would not be bound by the findings of such jury, and, therefore, commits no abuse of its discretion in denying such jury trial.

Appeal from County Court, Craig County; G. P. Fogle, Judge.

Application by John Gonshor for writ of habeas corpus. From an order of the county court denying the petitioner a trial by jury under such writ, petitioner appeals. Affirmed.

W. D. Halfhill and Jess L. Ballard, for petitioner.

George Short, Atty. Gen., and Edwin Dabney and Chas. Hill Johns, Asst. Attys. Gen., for respondent.

PHELPS, J. On the 16th day of September, 1914, the petitioner, John Gonshor, was adjudged to be an insane person by the insanity commissioners of Pittsburg county, and committed to the insane asylum at Norman. He remained in that institution for a period of about two years, and was then transferred to the institution now known as the Eastern Oklahoma State Hospital at Vinita, where he has ever since been confined

as an insane person. On the 14th day of October, 1925, he filed his petition in the county court of Craig county, the county in which the Eastern Oklahoma State Hospital is located, for a writ of habeas corpus, alleging that he was never insane, and that if he was ever mentally defective, he had fully recovered from said ailment, and at the time of filing the petition was mentally normal, and prayed that he be discharged from the institution. The petition was set for hearing, and he demanded a trial by jury on his application for such writ, which demand was by the court overruled, and the petitioner elected to stand upon his demand for a jury trial and makes his application to this court, praying that the judgment of the county court denying him a jury trial be reversed, set aside, and held for naught and that such county court be directed to grant him a hearing on the merits of his cause before a jury.

The sole question presented here is whether the petitioner is entitled, as a matter of right, to a trial by a jury upon his application for writ of habeas corpus. Counsel for petitioner cite numerous authorities supporting the inalienable right of a citizen to a trial by jury, and while the right to trial by jury is one of the most sacred rights known to the American citizen and one which no court minimizes, yet the authorities cited have but little, if any, application to the facts confronting us here. Under the law as it existed in this state prior to 1917, one charged with being an insane person was tried by a board known as the "Commissioners of Insanity," and the law then in force provided that:

"All persons confined as insane shall be entitled to the benefit of the writ of habeas corpus and the question of insanity shall be decided at the hearing, and if the judge or court shall decide that the person is insane, such decision shall be no bar to the issuing of the writ the second time whenever it shall be alleged that such person has been restored to reason."

And in Ex parte Dagley, 35 Okla. 180, 128 Pac. 699, it was held by this court that, inasmuch as a person so confined as insane was entitled to the benefit of the writ of habeas corpus as often as he saw fit to invoke such remedy, he was not entitled to a trial by a jury. However, the 1917 Legislature amended the law providing for the manner of adjudging and committing an insane person, which law is embraced in our Comp. Stats. 1921 as article 6 of chapter 75, and section 8291 thereof specifically provides for a trial by jury if the county court or judge shall deem it necessary, or if the al-

leged insane person or any relative or person with whom he may reside shall make a demand therefor, the question of his sanity must be submitted to a jury, and section 8310 provides that:

"Anyone in custody as an insane person in any hospital, home or retreat is entitled to a writ of habeas corpus, upon a proper petition to the county court of the county in which said hospital, home or retreat is situated, made by him or some friend in his behalf. Upon the return of such writ, the fact of his sanity shall be inquired into and determined. * * *"

And counsel for petitioner contend that, inasmuch as the law did not provide for a trial by jury when he was originally committed, he now has a right to have the question of his sanity submitted to a jury on his application for a writ of habeas corpus.

The regularity of the proceedings by which the petitioner was committed to the hospital is not challenged, and we, therefore, indulge the presumption that the proceedings were regular, and if the proceedings were regular, it cannot be said that petitioner is deprived of his liberty without due process of law. No authorities are cited, neither have we found any, from this jurisdiction, supporting petitioner's contention; however, we are not without precedent in other jurisdictions. In the case of People ex rel. Thaw v. Grifenhagen, Sheriff, et al., 154 N. Y. Supp. 965, the proceedings were practically identical with this case. Thaw was tried for murder and acquitted upon the grounds that he was insane and committed to the insane hospital in the state of New York. He made numerous applications for writs of habeas corpus in the state and federal courts. He finally instituted this proceeding, contending that the question of his sanity being a question of fact, he was entitled as a matter of right to a trial by jury in the habeas corpus proceedings. The New York court held that, while there was ample precedent for the court, to which the petition for habeas corpus was directed, to have a jury trial in order to determine questions of fact, such a demand for a jury trial was addressed to the sound discretion of the court, but that the petitioner was not entitled to such jury trial as a matter of right, further holding that in such proceedings the findings of the jury in such case would merely be advisory to the court and that the court would have the right to decide the issues in the habeas corpus proceedings in accordance with the findings of the jury or contrary thereto, according to his best judgment as to the merits of the jury's findings. This opinion seems to be supported by authorities generously cited therein, which we deem unnecessary to cite here.

After a careful examination of all the authorities cited by both sides, we reach the conclusion that, although, ordinarily, a jury trial will not be granted to try the issues of fact in habeas corpus proceeding, the county court would have been justified in granting the petitioner's demand for a trial by jury, yet the court would not have been bound by the jury's finding, and committed no abuse of discretion in refusing to grant such trial by jury. Affirmed.

NICHOLSON, C. J., and MASON, HARRISON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 29 C. J. p. 172 § 194; 14 R. C. L. p. 564.