Ex parte DAVID M. REYNOLDS.

No. A-7636. Opinion Filed July 24, 1930.
(290 Pac. 357.)

W. D. Halfhill, for petitioner.

J. Berry King, Atty. Gen., for respondent.

EDWARDS, P. J. This is an original proceeding in habeas corpus. Petitioner alleges that he is confined at the hospital for insane at Vinita, Okla.; that he was adjudged insane by the county court of Caddo county and committed to the asylum at Norman, Okla., and that it was afterwards adjudged by the said county court that he was not insane and he was ordered discharged. Prior thereto he had been paroled by the physician in charge at the asylum, and that notwithstanding the order for his discharge he was transferred to and is now confined in the hospital for insane at Vinita. The application was filed

in this court in November, 1929; it has never been presented to the court nor any judge thereof nor any brief in support filed. We consider the application abandoned. However, it should be disposed of upon the further ground that in this case the proceeding is civil in its nature. It is generally said that habeas corpus is neither strictly a civil proceeding nor a criminal proceeding, but rather a summary application by the person detained for the purpose of securing his liberty. 12 R. C. L. 1184. In some cases the proceeding is looked upon as civil, and in others as criminal, in nature. Simmons v. Georgia Iron & Coal Co., 117 Ga. 305, 43 S. E. 780, 61 L. R. A. 739; Gleason v. Com'rs of McPherson County, 30 Kan. 384, 1 Pac. 384; Carruth v. Taylor, 8 N. D. 166, 77 N. W. 617; Bailey, Habeas Corpus, § 4; Fisher et al., etc., v. Baker et al., 203 U. S. 174, 27 S. Ct. 135, 51 L. Ed. 142, 7 Ann. Cas. 1018, note. In Legate v. Legate, 87 Tex. 248, 28 S. W. 281, 282, it is said:

"Under the present Constitution and laws, appeals from the district court lie, in civil cases, to the court of civil appeals, and in criminal cases to the court of criminal appeals. It is therefore important, in case of appeal from a judgment of a district court in a habeas corpus proceeding, to determine whether the case be of a criminal or civil nature, in order to make the appeal returnable to the proper court. The purpose of the writ of habeas corpus is to inquire into and remove any unlawful restraint upon the liberty of a person. If, in this proceeding, it appears that such person is restrained by reason of his supposed violation of some criminal law or quasi criminal law, as an offense against the person, or contempt of court, then the proceeding must be classed as a criminal case, although upon the whole case the court should be of opinion that the act for which such person is detained does not constitute a violation of such law, or that the evidence is totally insufficient to establish the act, or that the supposed law does not exist, or is void;

but, if such person is not restrained by reason of some supposed violation of law, then the proceeding must be classed as a civil case. It is the cause of restraint which determines whether the proceeding to remove the restraint be a criminal or a civil case. It results from the above that we must answer in the affirmative the second question of law above propounded."

Although this court under the provisions of sections 423 and 3048, Comp. St. 1921, has jurisdiction, it is better practice, where habeas corpus is resorted to by one not held upon some criminal or quasi criminal proceeding but by reason of restraint arising purely out of a civil matter, such as for the custody of a child, for failure to pay alimony in divorce cases, or for the release of one held as insane as in the instant case, that the application for the writ should be made to the civil and not to the criminal court.

The case is dismissed.

DAVENPORT, J., concurs. CHAPPELL, J., absent, not participating.