## Ex parte GONSHER.

No. 20934. Opinion Filed Dec. 9, 1930.

W. D. Halfhill, for petitioner.

Paul O. Simms, Co. Atty., for respondent.

HEFNER, J. John N. Gonsher, the applicant for a writ of habeas corpus, is detained in the Eastern Oklahoma State Hospital. He alleges that the cause of his restraint is that upon the 15th day of September, 1914, he was adjudged by the county court of Pittsburg county to be insane and ordered to be confined in the asylum at Norman, Okla. It is further alleged that after he had been confined in the asylum at Norman for many years, he was transferred to the Eastern Oklahoma Hospital at Vinita.

On an original application for a writ of habeas corpus in this court, Mr. Chief Justice Mason issued the writ on the 4th day of December, 1929, and made it returnable before the district court at Vinita. That court heard evidence, and a portion of its findings is as follows:

"The court finds from the evidence that the petitioner, Gonsher, was insane at the time he was committed, has never recovered, and is now insane, and as a conclusion of law the habeas corpus writ should be discharged and the petition denied, and it is so ordered."

The petitioner has brought the case here for review, but not in the manner provided for by law. It is the petitioner's contention that, when the Chief Justice made the writ returnable before the district court at Vinita, it was referred there for the purpose of taking evidence only and not for final determination by that court. We cannot agree with that contention. A portion of section 2, art. 7, of our Constitution is as follows:

"Each of the Justices shall have power to issue writs of habeas corpus to any part of the state upon petition by or on behalf of any person held in actual custody, and make such writs returnable before himself, or before the Supreme Court, or before any district court, or judge thereof, in the state."

This provision authorizes any Justice of the Supreme Court to issue the writ of habeas corpus and make it returnable before himself or before the Supreme Court or before any district court or judge thereof in the state. In issuing the writ the Chief Justice made it returnable before the district court at Vinita. In doing so, unless otherwise ordered, the case was before that court for determination upon the merits and not for the purpose of taking evidence as a referee of this court. Since the judgment of the court at Vinita has not been brought before this court for review in any manner provided by law; therefore, that judgment has become final and this court is without authority to review the same. The petition is dismissed.

MASON, C. J., LESTER, V. C. J., and HUNT, RILEY, CULLISON, SWINDALL, and ANDREWS, JJ., concur. CLARK, J., absent.