## Ex parte SMITH.

No. 21171.   Opinion Filed May 26, 1931.

Rehearing Denied June 30, 1931.

Hall & Thompson and Theo. D. B. Frear, for petitioner.

HEFNER, J.   Fred J. Smith, the applicant for a writ of habeas corpus, is detained in the Eastern Hospital for the Insane at Vinita. He claims that he was placed therein without due process of law and that all of the commitment proceedings of the county court of Osage county are void. **On**

application to this court for the writ the application was referred to the district judge of the 23rd judicial district, and that court in compliance with the order of this court heard the evidence in the case and certified its findings to this court for final determination.

The first question for our determination is whether or not the matter was referred to the district court for a hearing on the merits and for a final determination by it, or whether or not the same was referred to that court to take the testimony and make findings of fact and conclusions of law as a referee of this court.

In the case of Ex parte Gonsher, 146 Okla. 156, 294 Pac. 159, this court said:

"Each of the justices of the Supreme Court has power to issue a writ of habeas corpus to any part of the state upon petition by or on behalf of any person held in actual custody, and make it returnable before himself or before the Supreme Court or before any district court or judge thereof in the state. When the writ is issued and made returnable before a district court in the state, unless otherwise ordered, the case is before that court for determination upon the merits and not as a referee of the Supreme Court."

When the writ was made returnable before the district court, it was therefore before that court for final judgment upon the merits unless it was otherwise ordered by this court.

By an inspection of an order of reference we have concluded that the matter was referred to the district court as a referee and that it is now our duty to consider the report of the referee.

The referee found that the proceedings had by the county court of Osage county committing the petitioner to the Eastern Hospital for the Insane were not in compliance with the statutes and that the proceedings were void. The record discloses that the finding in this respect was correct.

The 9th paragraph of the findings is as follows:

"I further find that the petitioner was insane at the time he was received into the Hospital for the Insane at Vinita, and is still insane."

In the matter of Ex parte Dagley, 35 Okla. 180, 128 Pac. 699, the second paragraph of the syllabus is as follows:

"For the purpose of the hearing, it being admitted that the person was not only at the time of commitment, but is also now insane, whose release from the asylum was sought solely on the ground that the statute under which she was held was void, such party is not entitled, as a matter of right, to be discharged upon that ground alone."

Although the commitment proceedings whereby the applicant was committed to the hospital were void, he should not be discharged, because of the finding that he was insane at the time he was committed and is still insane. Under the rule announced in the Dagley Case, it would not be proper, at this time, to discharge him.

We think, however, that he is entitled to be regularly and legally committed to the hospital if he is in fact insane. He is entitled to the benefits of all of the law enacted for his protection. Since the commitment proceedings are void, on a proper application by him, we think he should be remanded to the custody of the sheriff of Osage county and that a proper hearing be had in that county in reference to the question as to his sanity. If upon a proper hearing it be found that he is not insane, he should be discharged. On the other hand, if it be found that he is insane, he should be remanded to the hospital. It is therefore ordered that a further hearing be had before the district court of the 23rd judicial district for further proceedings, not as referee, but for final determination upon the merits, and if that court finds that the applicant is still insane, upon proper application by him, he should be delivered into the custody of the sheriff of Osage county, and the proper authorities in that county should determine whether he is sane or insane.

RILEY, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and CULLISON, J., absent.