## Ex parte SCHAEFFER.

No. 27178.   Sept. 22, 1936.

F. E. Sides, for petitioner.

Billups & Billups, for respondent.

WELCH, J.   This is a petition for a writ of habeas corpus originally filed in this court.   The petition alleges that petitioner is illegally restrained of his liberty by Dr. D. W. Griffin, Superintendent of the Central Oklahoma State Hospital at Norman, Okla. The petition is grounded solely upon an alleged void order of commitment to the State Hospital for the Insane, and proceedings had by the county court of Oklahoma county on the 7th day of April, 1931.   On May 20, 1936, this court entered its order to the effect that petitioner was entitled to a hearing, and referred the matter to the district court of Cleveland county, Okla., with directions to conduct a hearing thereon. Upon hearing, said district court found that the order of commitment and the proceedings had in the county court on April 7, 1931, were in sufficient compliance with the statute and were not void.   No evidence was introduced tending to establish petitioner's sanity.   Petitioner now insists that the findings and conclusion of law of the district court are erroneous as shown by the record.

The record before us contains a complete transcript of the pleadings, files, and orders of the county court of Oklahoma county in the premises under date of April 7, 1931.   Numerous alleged irregularities and failure to comply with the statutes are asserted by petitioner, the chief of which is that petitioner was not served with any notice of hearing of the petition for commitment to the State Hospital, and that the order of commitment deprives him of his liberty without due process of law in violation of constitutional guaranties.

An examination of this transcript shows that at the time the petition was filed this petitioner, the alleged insane person, resided at a named address in Oklahoma City in Oklahoma county.   The petitioner therein was the wife of this petitioner, and she resided at Sulphur in Murray county, Okla. It appears from the petition that the alleged insane person had no adult relatives within Oklahoma county.   The petition was filed April 7, 1931.   On the same date the judge of the county court of Oklahoma county issued an order of detention directed to the sheriff, and commanding him to take and detain the alleged insane person, and to have him before the county court at 11 o'clock a. m. of the same day, to wit, April 7, 1931.   On the same date the county court appointed two physicians with direction to examine the alleged insane person.   On the same date the physicians so appointed made their report in writing to the county court, and on the same date the county court entered its order committing this petitioner to the State Hospital.

Section 7, article 2, of the state Constitution provides:

"No person shall be deprived of life, liberty, or property, without due process of law."

Our federal Constitution contains a similar guaranty.

At page 89 of Burwell on Insanity, we find the following statement of law:

"But it is to be borne in mind that the refusal of a traverse cannot in New York, nor generally in the United States, abridge the constitutional rights of the alleged lunatic, since the proceedings on the execution of a commission are not, as in the English courts (ex parte), but a person proceeded against as a lunatic, except, possibly in cases of confirmed and dangerous madness, is entitled to reasonable notice of the time and place of holding the commission, and a reasonable time within which to produce his witnesses before the jury summoned upon the inquisition."

The United States Supreme Court, in Powell v. Alabama, 77 L. Ed. 170, 287 U. S. 67, has this to say upon the necessity of due notice as concerns due process of law:

"It has never been doubted by this court, or any other so far as we know, that notice and hearing are preliminary steps essential to passing of an enforceable judgment, and that they, together with a legally competent tribunal having jurisdiction of the case, constitute basic elements of the constitutional requirements of due process of law. The words of Webster so often quoted, that by 'the law of the land' is intended 'a law which hears before it condemns,' have been repeated in varying forms of expression in a multitude of decisions; in Holden v. Hardy, 169 U. S. 366, 42 L. Ed. 780, 790, 18 S. Ct. 383, the necessity of due notice and an opportunity of being heard is described as among the immutable principles of justice which inhere in the very idea of free government, which no member of the union may disregard.' And Mr. Justice Field in an earlier case, Galpin v. Page, 18 Wall. 350, 368, 369, 21 L. Ed. 959, 964, said that the rule that no one shall be personally bound until he has had his day in court was as old as the law, and it meant that he must be cited to appear and afforded an opportunity to be heard. 'Judgment without such citation and opportunity wants all the attributes of a judicial determination; it is judicial usurpation and oppression, and never can be upheld where justice is justly administered.' Citations to the same effect might be indefinitely multiplied, but this is no occasion for doing so."

The applicable laws of this state provide that insanity hearings shall be conducted by the county court, and the Legislature of the state has provided the details of such proceedings.

Section 5005, O. S. 1931, provides in part:

"* * * Upon receiving such petition the court or the judge thereof shall fix a day for the hearing thereof and shall appoint two reputable physicians to make the required examination of the alleged insane person, whose certificate shall be filed with the court on or before such hearing. Notice in writing of such petition and of the time and place of hearing thereon, shall be served personally at least 24 hours before the hearing, upon the person alleged to be insane, also upon the father, mother, husband, wife or some one of the next of kin, of full age, of the person alleged to be insane, if there be any such known to be residing within the county, and upon such of said relatives residing outside of the county and within the state, as may be ordered by the court, or the judge thereof, and also upon the person with whom such alleged insane person may reside, or at whose house he may be, and the person making such service shall make affidavit of the same and file such notice, with proof of service with the county court. This notice may be served in any part of the state. The court, or the judge thereof, to whom the petition is presented, may dispense with such personal service or may direct substituted service to be made upon some person to be designated by such court or the judge thereof. The court or the judge thereof shall state in a certificate to be attached to the petition its reason for dispensing with personal service of such notice, and if substituted service is directed, the name of the person to be served therewith. In such cases the court, or the judge thereof, shall appoint a guardian ad litem to represent such insane person upon such hearing, and in other cases it may appoint such guardian ad litem. The court or judge thereof shall also institute an inquest, and take proofs as to the alleged insanity of such person and fully investigate the facts before making such order, and if no jury is required, the county court or the judge thereof shall determine the question of the sanity or insanity of the alleged insane person. If the court or the judge thereof shall deem it necessary, or if such alleged insane person or any relative or any person with whom he may reside, or at whose house he may be, shall so demand, a jury of six freeholders, having the qualifications required of jurors in courts of record, shall be summoned to determine the question of his sanity, and whenever a jury is required the court shall proceed to the selection of such jury in the same manner as provided for the selection of commissioners in the condemnation of land for railroad purposes, and such jury shall determine the question of the sanity or insanity of the alleged insane person. The jurors shall receive the same fees for attendance and mileage as

are allowed by law to jurors in the county court. Pending such proceedings for admission into the hospital, if it shall appear upon the certificate of two legally qualified physicians to be necessary and essential so to do, the court or the judge thereof may order the alleged insane person to be placed in the custody of some suitable person, or to be removed to the hospital of the district in which he resides, or to any hospital, home or retreat, to be detained until such petition can be heard and determined: Provided, however, that the period of such temporary detention shall not exceed 30 days, unless the court or the judge thereof shall by special order extend the time. The alleged insane person shall have the right to be present at such hearing unless it shall be made to appear to the court, either by the certificate of the medical superintendent of the hospital, or the officers in charge of such hospital, home or retreat, to which he may have been temporarily admitted, or by the certificate of two reputable physicians, that his condition is such as to render his removal for that purpose, or his appearing at such hearing, improper and unsafe. If such person shall be found and adjudged to be insane, the court or the judge thereof shall immediately issue an order for his admission to a hospital. * * *'"

It is to be observed from the statutory provisions that the Legislature recognized the importance of due notice in such cases, while at the same time making due allowance for cases of emergency or dangerous madness. It is there provided that notice in writing of such petition, and of the time and place of hearing thereon, shall be served personally at least 24 hours before the hearing, upon the person alleged to be insane, also upon other kindred residing in the county, and such other relatives residing in the state as the court may order. It is also provided that this notice shall be served upon the person with whom such alleged insane person may reside, or at whose house he may be, and that proof of such service must be filed with the county court. In cases of emergency or dangerous madness these requirements are permitted to be dispensed with by a statement of the reason thereof and a certificate by the county judge attached to the petition.

In the instant case there is no service of any nature upon any person prescribed by the statute. There is no certificate of the county judge giving his reasons for dispensing with personal service; there was no guardian ad litem appointed, all of which affirmatively appears from the record of such proceedings. One cannot doubt that this statute intends to require such personal service of notice 24 hours in advance of the proposed hearing, except in cases of emergency or dangerous madness, or other good reasons which must be shown by certificate of the county judge. The petition was filed, the alleged insane person taken into custody by the sheriff, the examination made by the physicians appointed by the court, the hearing had thereon, and the order of commitment issued, all by 11 o'clock a. m. of April 7, 1931, according to the record before us. It is our conclusion that such failure to give the prescribed 24 hours' personal service and notice, unaccompanied by a certificate of the county judge showing such notice dispensed with, and the reasons therefor, is such a failure to comply with the statute as will render the order of commitment invalid. There is clear showing of lack of due process of law.

The response here filed is to the effect that at the time petitioner was committed to the Central Oklahoma State Hospital, which institution is in charge of the respondent, such petitioner was insane and that he is still insane. Petitioner's action here is not based upon his present sanity and he has chosen herein to avoid litigating the point, and the issue thus raised was not determined by the district judge. The petitioner has been confined in such hospital for a period of more than five years, which, together with the response and the fact that petitioner does not in the present action assert his present sanity, is in our opinion sufficient justification for refusing to set petitioner at liberty under the writ.

In 12 R. C. L. at page 1216, we observe the following statement of law:

"* * * But although the confinement of an insane person is illegal, if his going at large will be dangerous to himself or to other people, he will not be set at liberty under a writ of habeas corpus, but will be detained, to permit a legal commitment to be secured under legal proceedings."

In Ex parte Smith, 150 Okla. 98, 300 P. 635, we held in the second paragraph of the syllabus:

"Where a man is confined in the hospital for the insane and the commitment proceedings are void, but he was in fact insane at the time he was committed and has never recovered, and is still insane, he will not be released, but he should be delivered into the custody of the sheriff of

the county from which he was sent to the hospital, and the proper authorities of that county upon a proper hearing should determine whether or not he is sane or insane in accordance with the provisions of the statutes for making such investigation and determination."

It is therefore ordered by the court that the writ do issue as against the respondent, Dr. D. W. Griffin, in so far only that he is ordered and directed to deliver petitioner, the said Leon Schaeffer, to the sheriff of Oklahoma county forthwith. And the sheriff of Oklahoma county is directed to take the said Leon Schaeffer and return him to Oklahoma county and there safely detain him pending proper action and proceedings which may be necessary and proper under the lunacy laws of this state. And the county court of Oklahoma county is directed to assume jurisdiction under the petition filed in that court on April 7, 1931, and to proceed thereunder in accordance with the statute in such cases made and provided.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur. BUSBY, J., absent.