Ex parte JOHN N. GONSHOR.

No. A-9516. June 23, 1939.

(92 P. 2d 386.)

G. C. Terry, of Los Angeles, Cal., for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

PER CURIAM. On May 17, 1938, there was filed in this court a petition for writ of habeas corpus, on behalf of John N. Gonshor, alleging that he is unlawfully confined and detained in the Hospital for the Insane, at Vinita, Okla., and has been so unlawfully confined since 1914.

And further alleging "that he is not insane, nor has he been insane before or since his incarceration."

The Attorney General appearing on behalf of the respondent filed thereto the following demurrer:

"Comes now F. L. Adams, superintendent of the State Hospital for the Insane, by Mac Q. Williamson, Attorney General, and demurs to the application herein filed on behalf of John Gonshor, a patient in said hospital, for the reason that said purported application does not state facts sufficient to show any right to relief.

"The entire lack of merit in the statements contained in the affidavit of the 'next friend' of said John Gonshor is shown by an examination of the following cases: Ex parte Gonshor, 48 Okla. Cr. 491, 290 P. 358; Ex parte Gonshor, 146 Okla. 156, 294 P. 159; Ex parte Gonshor, 113 Okla. 101, 239 P. 249; Ex parte Gonshor, 114 Okla. 143, 244 P. 787.

"From Ex parte Gonshor, 146 Okla. 156, 294 P. 159, supra, it will appear that application has been made heretofore not only to this court and the Supreme Court but also to the district court of Craig county where evidence was heard and it was determined that the petitioner has been properly committed, that he was insane at said time and at the time of the hearing in district court.

"Wherefore, respondent submits that the application herein filed should be dismissed."

In the case of Ex parte Gonshor, 48 Okla. Cr. 191, 290 P. 358, the opinion of the court reads:

"Edwards, P. J. This is an original proceeding in habeas corpus, the facts involved are similar to those in the case of In re Habeas Corpus of David M. Reynolds [48 Okla. Cr. 189] 290 P. 357, just decided. For the reasons there stated, the case is dismissed."

The opinion in Ex parte Reynolds, supra, concludes as follows [48 Okla. Cr. 189, 290 P. 358]:

"Although this court under the provisions of sections 423 and 3048, Comp. St. 1921 [secs. 684 and 3808, Sts. 1931, 12 Okla. St. Ann. § 1333; 20 Okla. St. Ann. § 41], has jurisdiction, it is better practice, where habeas corpus is resorted to by one not held upon some criminal or quasi criminal proceeding but by reason of restraint arising purely out of a civil matter, such as for the custody of a child, for failure to pay alimony in divorce cases, or for the release of one held as insane as in the instant case, that the application for the writ should be made to the civil and not to the criminal court.

"The case is dismissed."

It follows from the foregoing and for the reasons stated that the demurrer to the petition and motion to dismiss should both be sustained. It is so ordered.