# Richmond

## REGINAL ROBINSON, AN INFANT, WHO SUES BY MAMIE ROBINSON, HIS MOTHER AND NEXT FRIEND V. EDGAR L. WINSTEAD, SERGEANT OF THE CITY OF ROANOKE.

March 7, 1949.

Record No. 3491.

Present, All the Justices.

The opinion states the case.

*Wilbur J. Austin, Jr.,* and *Floyd M. Brill,* for the plaintiff in error.

*J. Lindsay Almond, Jr., Attorney General,* and *Ballard Baker, Assistant Attorney General,* for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

This is a *habeas corpus* proceeding which is before us on a writ of error to a final judgment of the Hustings Court of the city of Roanoke refusing to discharge the petitioner, Reginal Robinson, from the custody of Edgar L. Winstead, sergeant of the city of Roanoke, by whom he is held pending admission to the State Colony for Epileptics and Feeble-Minded at Petersburg, pursuant to an adjudication that petitioner is feeble-minded and should be confined at that institution.

The gist of the petitioner's case is that he is a minor of the age of fifteen years, and that his commitment is void because of the fact that his mother, his custodian, was not, as required by the statute (Code, sec. 1079, as amended), summoned or notified to appear at the hearing before the commission which found that he is feeble-minded.

Whether this position is correct turns upon the proper interpretation of Code, sec. 1078, as amended by Acts 1920, ch. 262, pp. 382, 383, and Code, sec. 1079, as amended by Acts 1946, ch. 281, p. 475, the pertinent portions of which are printed in the margin.

Under Code, sec. 1078, as amended,[1] "any reputable

---

[1] "Sec. 1078. *Petition to have person declared feeble-minded.*—No feeble-minded person shall be sent to any institution, except as hereinbefore or hereafter provided. When any person residing in this State shall be supposed to be feeble-minded, any reputable citizen of the State may file a petition in the circuit court of the county, or corporation court of the city, or with the judge thereof in vacation, or before any justice in the city or county in which such alleged feeble-minded person is found, setting forth under oath the circumstances indicating the feeble-mindedness of the person named, the facts of his social and financial condition and surroundings, and the names and financial condition of the person, if any, having the custody or control, and on whom he is dependent, together with the names of his parents, or guardian, if he be a minor, or of the next of kin, if any person occupying any of these relations to the person suspected of being feeble-minded be known to the petitioner to be living in the county or city in which the petition is filed."

citizen of the State may file a petition" in the designated court, or before the designated judge or justice, "setting forth under oath the circumstances indicating the feeble-mindedness of the person named, the facts of his social and financial condition and surroundings, and the names and financial condition of the person, if any, having the custody or control, and on whom he is dependent, together with the names of his parents, or guardian, if he be a minor, or of the next of kin, if any person occupying any of these relations" to the suspected person "be known to the petitioner to be living in the county or city in which the petition is filed."

Section 1079, as amended,[2] provides that the judge or justice with whom the petition is filed shall (1) "issue a warrant ordering such alleged feeble-minded person to be brought before him," and (2) "summon the custodian if any of the alleged feeble-minded person, together with the parent, guardian, or next of kin named in the petition if they are found in his county or city." This section further requires that two physicians, or one physician and a certified clinical psychologist, be summoned, who, together with the judge or justice, "shall constitute a commission to determine whether or not such person is feeble-minded as alleged," and whether he "is under such proper supervision, care or control as to insure the welfare of himself, others or the community."

---

[2] "Sec. 1079. *Examination of alleged feeble-minded persons.*—Thereupon it shall be the duty of the judge or the justice with whom such petition is filed to issue a warrant ordering such alleged feeble-minded person to be brought before him and to summon the custodian if any of the alleged feeble-minded person, together with the parent, guardian, or next of kin named in the petition if they are found in his county or city, and such other persons as are deemed competent to testify to the condition and circumstances of the alleged feeble-minded person, including two physicians or one physician and a certified clinical psychologist, such as is hereinafter defined, and to enter or issue an order fixing the time and place for the examination of such feeble-minded person. The judge or the justice and the two physicians, one of whom shall, when practicable, be the family physician, and neither in any manner shall be related to or have an interest in his estate, or the judge or the justice and one physician and one certified clinical psychologist, shall constitute a commission to determine whether or not such person is feeble-minded as alleged and whether such person is under such proper supervision, care or control as to insure the welfare of himself, others or the community."

Under the provisions of Code, sec. 1080, as amended by Acts 1920, ch. 262, p. 384, "If the commission be satisfied that such person is feeble-minded," the judge or justice acting on the commission may commit him "to a private institution approved by the State board of charities and corrections, or to a State colony for the feeble-minded. And the said judge or justice may commit said feeble-minded person to the custody of the sheriff of the county or sergeant of the city in which said commission is held, or to some other responsible person pending admission into the colony for the feeble-minded."

The record before us shows that on April 21, 1948, in accordance with the provisions of Code, sec. 1078, as amended, a petition was filed with the assistant civil and police justice of the city of Roanoke by a probation officer of the Juvenile and Domestic Relations Court of the city, alleging that *Raymond* Robinson[3] was "suspected of being feeble-minded." The petition further alleged that the boy was under the care of his mother, Mamie Robinson, at the named address in the city where they both resided, and that her "financial condition" was "poor."

As required by Code, sec. 1079, as amended, a warrant was issued for the boy and he was brought before the assistant civil and police justice on April 22.

On the same day a commission consisting of the assistant civil and police justice and two physicians was constituted and proceeded to inquire into the boy's mental condition. Neither the names of the witnesses who appeared before the commission nor their testimony is incorporated in the record before us. But the "Findings and Adjudications of the Commission" recites that the members being "satisfied" "by personal examination" of the boy, and "by inquiry and examination of witnesses," as to his "mental condition," doth "decide" that he "is feeble-minded, or epileptic, and

[3] This error in the name appears throughout the commitment proceedings. While it was claimed in the petition for a writ of *habeas corpus* that this was a fatal defect, that point seems to have been abandoned in the lower court and is not pressed on appeal.

ought to be confined in an institution for the feeble-minded, idiotic or epileptic."

The record further discloses that the boy is a Negro and the illegitimate son of Mamie Robinson.

Although, as has been said, the petition which inaugurated the proceeding gave the name and local address of the mother, she was not summoned to appear before the commission. Neither was she notified of the hearing nor did she attend. Nor were any of the boy's other "next of kin" notified of or in attendance at the hearing.  ₒ

On the day on which the commission made its finding the boy was committed by the assistant civil and police justice to the custody of the city sergeant pending his admission to the State Colony for Epileptics and Feeble-Minded at Petersburg.

The petitioner insists that the provision of Code, sec. 1079, as amended, requiring the judge or justice before whom the petition is filed "to summon the custodian if any of the alleged feeble-minded person, together with the parent, guardian, or next of kin" of such person, is mandatory and jurisdictional, and that because of the failure to comply with such provision the finding of the commission and the commitment under which the petitioner is held are void.

The position of the Attorney General, that such provision is merely directory and not mandatory or jurisdictional, finds support in what was said in *Mallory* v. *Virginia Colony for Feeble-Minded*, 123 Va. 205, 96 S. E. 172. That case likewise involved the validity of the commitment of an alleged feeble-minded child.

It is conceded that the statute there involved (Acts 1916, ch. 388, p. 662) is substantially the same as Code, secs. 1078 and 1079, as amended. The statute, as then written, required the inauguration of the proceedings by the filing of a petition similar to that now required by Code, sec. 1078, as amended. Upon the filing of such petition the judge or justice was required "to issue a warrant ordering such feeble-minded person to be brought before him and [to]

summon the persons named in the petition and such other persons as may be deemed competent to testify to the condition and circumstances of the alleged feeble-minded person."

In that case it was held that "the statutory requirements as to procedure are jurisdictional," and that since no such petition was filed, and no such warrant issued, the proceedings and the commitment were void.

While the opinion is not clear on the subject, it appears from the briefs filed in the case that the further contention was made that the proceedings were void because the father of the alleged feeble-minded person was not summoned or notified of the proceedings. With respect to this contention it was said (123 Va., at pages 208, 209) that the requirement for summoning persons named in the petition is "not for the purpose of making them parties to the cause, but merely for the purpose of thoroughly investigating the facts of the case and to obtain all the evidence reasonably obtainable bearing upon the issue of fact" as to whether "the alleged feeble-mindedness does or does not exist."

Moreover, it was pointed out (123 Va., at page 209), the statute did not in terms require that the parent or guardian be "notified of the proceedings."

Upon this reasoning the opinion seems to reach the conclusion, without expressly saying so, that such requirement for the summoning of the parent of an alleged feeble-minded child was not jurisdictional.

We adhere to the view expressed in *Mallory* v. *Virginia Colony for Feeble-Minded, supra,* that the provision in Code, sec. 1079, as amended, requiring the issuance of a summons for the custodian, parent, or next of kin of the alleged feeble-minded person is not for the purpose of making such persons formal "parties" to the proceeding.

Upon further consideration, however, we are of opinion and now hold that such provision is an essential step in the statutory procedure which the authorities generally say must be strictly complied with. See 44 C. J. S., Insane Persons, sec. 14, pp. 68, 69.

*In re Eastman,* 151 Wash. 321, 275 P. 724, dealt with a statute which required the court to "summon" the guardian, if any, and certain named relatives of an alleged insane adult to appear at the inquisition. It was held that such a provision was mandatory and that failure to comply therewith rendered the commitment void.

In *Yeomans* v. *Williams,* 117 Ga. 800, 45 S. E. 73, the commitment of an alleged insane person was held to be void for lack of the required "notice" to his nearest relatives specified in the statute.

The principle that such a provision of the prescribed statutory procedure should be strictly complied with applies with peculiar force to a case, like the one now before us, in which the alleged feeble-minded person is an infant and the effect of the commitment is to take him from the custody and control of his parent or guardian.

Since in the present proceeding this mandatory requirement of the statute was not complied with it follows that the commitment of the petitioner is void.

The Attorney General argues that despite the invalidity of the commitment the petitioner is not entitled to his discharge, because, it is said, he has failed to allege and prove in the present *habeas corpus* proceeding that he is not in fact feeble-minded. In support of this argument he cites Code, sec. 1029, as amended by Acts 1920, ch. 164, p. 240.

Under this statute a person "held in custody as insane, epileptic, feeble-minded or inebriate" may file a petition for a writ of *habeas corpus* with the proper court to determine his mental condition. Thus one previously adjudicated to be insane or feeble-minded is given the opportunity of showing that he is no longer mentally defective, and if he does so his detention becomes illegal and he is entitled to his discharge.

But it is not the purpose of the statute to require such a showing in order that one who is illegally restrained under a void commitment may be entitled to his discharge. In the present proceeding the mental condition of the petitioner is not in issue. We are concerned merely with

the validity of the commitment under which he is held, that is, whether he has been deprived of his liberty in the manner prescribed by the statute.

It is true that "although the confinement of an insane person is illegal, if his going at large will be dangerous to himself or to other people, he will not be set at liberty under a writ of *habeas corpus*, but will be detained to permit a legal commitment to be secured under proper proceedings." 25 Am. Jur., Habeas Corpus, sec. 84, p. 208. See also, *Ex parte Schaeffer*, 177 Okla. 464, 60 P. (2d) 1037.

No such situation is presented in the present case. There is no evidence, or even any contention, that the release of the petitioner from custody will be fraught with danger to himself or to others. Under such circumstances if he is being detained, as we think he is, under a void commitment, he is entitled to his discharge from custody. See *Allgor* v. *New Jersey State Hospital*, 80 N. J. Eq. 386, 84 A. 711; Anno: 44 L. R. A., N. S., p. 391.

Such discharge will be without prejudice to the institution and prosecution of a proper proceeding for his commitment if the local authorities deem it advisable that this course be followed.

For the reasons stated the judgment complained of is reversed and a final judgment will be here entered directing the discharge of the petitioner from the custody of the defendant in error.

*Reversed and final judgment.*